UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LE VAN NGUYEN AND § <br> NGOCDUNG THY BUI, § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § CAUSE NO. _____ <br> § <br> ESSEX INSURANCE COMPANY, § <br> MARKEL SERVICE INCORPORATED, § <br> AND TEXAS SPECIALTY § <br> UNDERWRITERS, INC., § <br> § <br> *Defendants*. § | |

**DEFENDANT EVANSTON INSURANCE COMPANY'S,
AS SUCCESSOR BY MERGER WITH ESSEX INSURANCE COMPANY,
NOTICE OF REMOVAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Evanston Insurance Company ("Evanston"), as successor by merger with Essex Insurance Company, in Cause No. 1078694, pending in County Court-at-Law No.1 of Harris County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

**I.
PROCEDURAL HISTORY**

1.      On June 8, 2016, Plaintiffs Le Van Nguyen and Ngocdung Thy Bui ("Plaintiffs") filed their Original Petition in the matter styled *Le Van Nguyen and Ngocdung Thy Bui v. Essex*

*Ins. Co., et al.*, Cause No. 1078694, in County Court-at-Law No. 1 of Harris County, Texas in which Plaintiffs assert claims for breach of contract and bad faith arising from alleged storm damage to their property that reportedly occurred on or about April 19, 2015. In addition, although Plaintiffs have failed to provide the required pre-suit notice, they also assert generic claims under the Texas Insurance Code and Deceptive Trade Practices Act.

2. Evanston received the citation and petition on August 5, 2016, and timely files this Notice of Removal within the thirty-day period required by 28 U.S.C. § 1446(b). Attached hereto as "Exhibit 1" is the Index of Matters being filed. A copy of the Harris County Clerk's file for this case is attached as "Exhibit 2," which includes true and correct copies of all executed process, pleadings and orders, as well as a copy of the docket sheet. Attached hereto as "Exhibit 3" is the Designation of Counsel.

## II.
## BASIS FOR REMOVAL

3. Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

**A.      The Parties are of Diverse Citizenship.**

4. Plaintiffs are citizens of the State of Texas.

5. Defendant Evanston is an Illinois corporation with its principal place of business in Illinois.

6. Defendant Markel Service, Inc. ("Markel Service") is a Virginia corporation with its principal place of business in Virginia.

7. Defendant Texas Specialty Underwriters, Inc. ("Texas Specialty") is a Texas corporation with its principal place of business in Texas; however, Texas Specialty has been improperly joined and its citizenship must be disregarded for purposes of removal.

2527536v1
03258.180

**B.     Texas Specialty has been Improperly Joined.**

8.     Though diversity jurisdiction requires complete diversity of the parties, a case involving a non-diverse defendant may nevertheless be removed to federal court if it is established that the non-diverse defendant was improperly joined. *Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 199 (5th Cir. 2016); *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc). A party may establish improper joinder by showing (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim against the non-diverse defendant. *Int'l Energy Ventures*, 818 F.3d at 199; *Smallwood*, 385 F.3d at 573. To determine "whether the complaint states a claim under state law against the in-state defendant," courts "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint." *Smallwood*, 385 F.3d at 573.  The pleading must satisfy the federal pleading standard—not Texas's fair notice pleading standard. *Int'l Energy Ventures Mgmt.*, 818 F.3d at 200 ("It is well-established, of course that Rule 12(b)(6) analysis necessarily incorporates the *federal* pleading standard articulated in *Bell Atlantic Corp. v. Twombly*: 'To pass muster under 12(b)(6), a complaint must have contained enough facts to state a claim for relief that is plausible on its face.'") (emphasis original) (internal citations omitted).

9.     The failure to specify a factual and legal basis for a claim against a non-diverse party constitutes a failure to state a claim and results in improper joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994).  Further, "merely pleading a valid state law claim . . . against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent." *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004).  "Specific actionable conduct" must be alleged.  *See Okenkpu v. Allstate*

*Texas Lloyd's*, Civ. A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012).[1] Applying these principles, here, it is clear that Texas Specialty has been improper joined to defeat diversity jurisdiction.

10. First, several of Plaintiffs' claims against Texas Specialty cannot exist as a matter of law. The Fifth Circuit has ruled on a virtually identical series of facts and held that an insurance agent, such as Texas Specialty, cannot be liable for the breach of an insurance contract because they are not a party to the contract. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999). The same is true for claims of violations of the duty of good faith and fair dealing since those duties stem directly from a contractual relationship. *Id*. at 701. Accordingly, those claims should be dismissed.

11. Next, Plaintiffs' remaining claims against Texas Specialty are for various violations of the DTPA, but those claims also fail because they are not based on any factual allegations. Instead, Plaintiffs' petition merely recites various provisions of the "Laundry List" provided by the DTPA. Multiple Texas courts have held that simply regurgitating statutory language and elements of causes of action is insufficient. *See, e.g., Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, No. 3:15-CV-3741-D, 2016 WL 931217, at *5 (N.D. Tex. Mar. 11, 2016); *DeCluette v. State Farm Lloyds*, No. 3:12-CV-4449-B, 2013 WL 607320, at *4 (N.D. Tex. Feb. 19, 2013). As Plaintiffs' Petition does not allege any facts to support a DTPA claim against Texas Specialty, and because it simply recites statutory provisions, those claims fail and should be dismissed.

---

[1] *See also Gonzales v. Homeland Ins. Co. of New York*, Civ. A. No. H–11–123, 2011 WL 3104104 (S.D. Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.*, Civ. A. No. H–10–4162, 2011 WL 2837588 (S.D. Tex. July 18, 2011); *Jiminez v. Travelers Indem. Co.*, Civ. A. No. H–09–1308, 2010 WL 1257802, *6 (S.D. Tex. March 25, 2010); *Glen Willow Apartments v. Lexington Ins. Co.*, Civ. A. No. H–10–2095, 2011 WL 1044206, *3 (S.D. Tex. March 16, 2001).

12. Indeed, the only facts alleged in Plaintiffs' Original Petition are improperly asserted against "Defendants" in the plural, instead of against a specific defendant. That type of practice has already been considered and rejected by courts. *Merritt Buffalo Events Ctr. LLC*, 2016 WL 931217; *Plascencia v. State Farm Lloyds and Feliciano Gallegos*, No. 4:14-CV-524-A, 2014 WL 11474841 at *5 (N.D. Tex. Sept. 25, 2014) ("[m]erely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant."). The lackluster allegations asserted against Texas Specialty show that it has been improperly joined for purposes of diversity jurisdiction.

## C.     The Amount in Controversy Exceeds the Jurisdictional Requirements

13. In their Original Petition, Plaintiffs state that they "are seeking monetary relief over $100,000 but not more than $200,000." Pls. Orig. Pet. at Pg. 1. Accordingly, the amount in controversy exceeds the jurisdictional removal requirement of $75,000.00.

## III.

## THE REMOVAL IS PROCEDURALLY CORRECT

14. Evanston first received a copy of Plaintiffs' Original Petition and process on August 5, 2016. Evanston files this Notice of Removal within the thirty-day time period required by 28 U.S.C. § 1446(b).

15. Venue is proper in this district and division under 28 U.S.C. § 1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

16. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

17. Because Defendant Texas Specialty has been improperly joined, its consent is not needed to comply with 28 U.S.C. § 1446(b). *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007); *Escalante v. Deere & Co.*, 3 F.Supp.3d 587, 590 (S.D. Tex. 2014).

18. Pursuant to 28 U.S.C. § 1446(b), Defendant Markel Service consents to the removal of this action.

19. Pursuant to 28 U.S.C. § 1446(d), promptly after Evanston files this Notice, written notice of the filing will be given to the Plaintiffs, the adverse party.

20. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Harris County Court, promptly after Evanston files this Notice.

## IV.
## CONCLUSION

Based on the foregoing and other documents filed contemporaneously with this Notice, all full incorporated herein by reference, Defendant Evanston Insurance Company, as successor by merger with Essex Insurance Company, hereby removes this case to this Court for trial and determination.

Respectfully submitted,

THOMPSON, COE, COUSINS, & IRONS, L.L.P.

By:   */s/ Jamie R. Carsey*
      Jamie R. Carsey, *Attorney-in-Charge*
      State Bar No. 24045620
      jcarsey@thompsoncoe.com
      Marilyn S. Cayce
      State Bar No.  17705500
      mcayce@thompsoncoe.com
      One Riverway, Suite 1400
      Houston, Texas 77056
      Telephone: (713) 403-8210
      Facsimile: (713) 403-8299

*Counsel for Defendant Evanston Insurance Company*

## CERTIFICATE OF SERVICE

This is to certify that on the 22d day of August, 2016, a true and correct copy of the foregoing was delivered to counsel for Plaintiffs in accordance with the Federal Rules of Civil Procedure:

Eric B. Dick
Dick Law Firm, PLLC
3701 Brookwoods Drive
Houston, Texas   77092

*Counsel for Plaintiffs*
*Le Van Nguyen & Ngocdung Thy Bui*

   /s/ *Jamie R. Carsey*
   Jamie R. Carsey

2527536v1
03258.180