| Case | Crt | Date Opened | Commenced By | Status | Nature | Style | View All |
|------|-----|-------------|--------------|--------|--------|-------|----------|
| <u>1078694</u> | 1 | 06/08/2016 | Petition | Open | Consumer/Commercial/Debt | LE VAN NGUYEN et al. VS. ESSEX INSURANCE COMPANY et al. | <u>Parties</u> |

| Case | File Date | Event | Comments | Pgs | Document ID | |
|------|-----------|-------|----------|-----|-------------|---|
| 1078694 | 06/08/2016 09:30 AM | Case Initiated - Petition | | 32 | <u>CCCL-2016-193853</u> | |
| 1078694 | 06/08/2016 09:37 AM | Civil Case Information Sheet | | 1 | <u>CCCL-2016-193857</u> | |
| 1078694 | 06/08/2016 09:37 AM | E-Filing Copies | | 0 | | |
| 1078694 | 06/08/2016 09:37 AM | Electronic Filing Fee | | 0 | | |
| 1078694 | 06/09/2016 12:00 PM | Receipt# 1153710 generated for the amount of $ 265.00 | | 0 | | |
| 1078694 | 06/10/2016 08:42 AM | Original Petition Citation - DISC | | 2 | <u>CCCL-2016-195361</u> | |
| 1078694 | 06/10/2016 08:48 AM | Original Petition Citation - DISC | | 2 | <u>CCCL-2016-195381</u> | |
| 1078694 | 06/10/2016 08:52 AM | Original Petition Citation - DISC | | 2 | <u>CCCL-2016-195397</u> | |
| 1078694 | 06/15/2016 10:57 AM | Crt 1-Order for Trial Setting-NonJury | | 2 | <u>CCCL-2016-200807</u> | |
| 1078694 | 07/15/2016 10:30 AM | Answer | TEXAS SPECIALTY UNDERWRITERS, INC.'S ORIGINAL ANSWER TO PLAINRTIFF'S ORIIGNAL | 2 | <u>CCCL-2016-240859</u> | |

**EXHIBIT 2**

| | | | PETITION | | | |
|---|---|---|---|---|---|---|
| 1078694 | 07/19/2016 09:28 AM | Receipt# 1164301 generated for the amount of $ 2.00 | | 0 | | |
| 1078694 | 07/30/2016 11:46 AM | Crt 1-Order for Trial Setting-NonJury | | 2 | CCCL-2016-256247 | |
| 1078694 | 07/30/2016 11:46 AM | Crt 1-Order of Referral of Mediation-Non DRC | | 1 | CCCL-2016-256248 | |
| 1078694 | 07/30/2016 11:46 AM | Crt 1-Order of Referral of Mediation-Non DRC | | 1 | CCCL-2016-256249 | |
| 1078694 | 07/30/2016 11:46 AM | Crt 1-Order of Referral of Mediation-Non DRC-A | | 3 | CCCL-2016-256251 | |
| 1078694 | 07/30/2016 11:47 AM | Crt 1-Parties Receiving Mediation Notice | | 1 | CCCL-2016-256250 | |

**EXHIBIT 2**

2016 0609:15 03:0045

FILED
6/8/2016 12:07:08 PM
Stan Stanart
County Clerk
Harris County

CAUSE NO. ___1078694___

| | |
|---|---|
| LE VAN NGUYEN and<br>NGOCDUNG THY BUI,<br>*Plaintiffs*, | § § § § | IN THE COUNTY COURT AT LAW |
| v. | § § | NUMBER ___1___ |
| ESSEX INSURANCE COMPANY<br>and<br>MARKEL SERVICE, INCORPORATED<br>and<br>TEXAS SPECIALTY UNDERWRITERS,<br>INC.<br>*Defendants* | § § § § § § | HARRIS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION & REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs LE VAN NGUYEN and NGOCDUNG THY BUI and file this Original Petition and Request for Disclosure complaining ESSEX INSURANCE COMPANY, MARKEL SERVICE, INCORPORATED, and TEXAS SPECIALTY UNDERWRITERS, INC. in which Plaintiffs are seeking monetary relief over $100,000 but not more than $200,000.

For causes of action, Plaintiffs would show as follows:

### I.   DISCOVERY CONTROL PLAN

1.01    Plaintiffs intend to conduct discovery in this case under Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

### II. PARTIES

2.01    Plaintiffs Le Van Nguyen and Ngocdung Thy Bui are residents of Harris County, Texas.

2.02    Defendant Essex Insurance Company ("Essex") is a foreign Surplus Lines insurer that has engaged in the business of insurance in Texas. Essex is organized in the State of Delaware and its principal place of business is at: 4521 Highwoods Pkwy, Glen Allen, Virginia, 23060-6148. Essex does not list an Attorney or Agent for Service with the Texas Department of Insurance. Under

*Collins v. Foremost, Subscribing to Certificate No. 106-0681756563-13* ORIGINAL PETITION

1

**EXHIBIT 2**

Section 804 of the Texas Insurance Code, defendant Essex may be served through the Commissioner of the Texas Department of Insurance at 333 Guadalupe, Austin, Texas 78701. Plaintiffs will effectuate service on this defendant under the Texas Rules of Civil Procedure.

2.03    Defendant Markel Service, Incorporated ("Markel") is a foreign Third Party Administrator that has engaged in the business of insurance in Texas. Markel maintains its principal place of business at: 4521 Highwoods Pkwy, Glen Allen, Virginia, 23060. Markel does not list a private Attorney or Agent for Service with the Texas Department of Insurance. Under Section 4151 of the Texas Insurance Code, defendant Markel may be served through the Commissioner of the Texas Department of Insurance at 333 Guadalupe, Austin, Texas 78701. Plaintiffs will effectuate service on this defendant under the Texas Rules of Civil Procedure.

2.04    Defendant Texas Specialty Underwriters, Inc. ("Underwriters") is a domestic agency that has engaged in the business of insurance in Texas. Underwriter's principal place of business is on record with the Texas Department of Insurance as 510 Turtle Cove, Suite 200, Rockwall, Texas 75087. Plaintiffs will effectuate service on this defendant under the Texas Rules of Civil Procedure.

### III. VENUE

3.01    Venue is proper in Harris County, Texas, in that the cause of action accrued in Harris County, Texas.  Venue is also proper in Harris County pursuant to Texas Civil Practice & Remedies Code §15.032.

### IV. JURISDICTION

4.01    This Court has jurisdiction because the amount in controversy is within the jurisdictional limits of the Court.

### V. AGENCY AND RESPONDEAT SUPERIOR

5.01    Whenever in this petition it is alleged that any Defendant did any act or thing, it is meant that Defendant and/ or its agents, officers, servants, employees, adjusters, or representatives did such act or thing.  Said acts were also done with the full authorization or ratification of Defendant or done in

*Collins v. Foremost, Subscribing to Certificate No. 106-0681756563-13* ORIGINAL PETITION

2

EXHIBIT 2

the normal routine, course and scope of the agency or employment of Defendant and/ or its agents, officers, servants, employees, adjusters, or representatives.

## VI. CONDITIONS PRECEDENT

6.01     All conditions precedent to recovery have occurred or been performed.

## VII. FACTUAL BACKGROUND

7.01     The Plaintiffs own certain real property with improvements and business personal property located at 4401 Harrisburg Blvd., Houston, Texas, 77011 (the "Property").

7.02     Seeking to protect the Property from the risks of Wind and Hail and other perils, the Plaintiffs purchased insurance coverage for the Property from the Defendants. Defendant Texas Specialty Underwriters, Inc. promised Plaintiffs that the Property was insured from the risks of Wind and Hail and other perils under insurance policy number 2CQ1430 (the "Policy"), effective from May 26, 2014 to May 26, 2015. Plaintiffs dutifully paid the insurance premiums for the Policy.

7.03     On or about April 19, 2015, a severe wind and hail storm struck Harris County, Texas, causing significant damage to the Property.

7.04     Following the April, 2015 wind and hail storm event, the Plaintiffs noticed that the roof of the Property began leaking. The Plaintiffs contacted a roofer to inspect the building. That roofer found wind and hail damage to the Property. On or about December 11, 2015 the Plaintiffs made a claim (the "Claim", no. P037468) and demand on Defendants for payment of damages to the Property and other damages covered by the terms of the Policy.

7.05     Subsequent to Plaintiffs making the Claim, Defendants assigned their employees, adjusters, and/or agents to adjust Plaintiffs' Claim. Defendants were tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiffs' Claim, including determining the cause of and then quantifying the damage done to Plaintiffs' Property.

**EXHIBIT 2**

7.06   The Defendants conducted an outcome-oriented investigation of the Claim, which under-scoped the actual covered damages to the Property. Despite Plaintiffs' continued cooperation, Defendants refused to fully cover the damages to Plaintiffs' Property.

7.07   Defendants, their employees, adjusters, and/or agents improperly adjusted the Plaintiffs' Claim. Without limitation, Defendants, their employees, adjusters, and/or agents misrepresented the Policy coverage, the scope of damage to the Property, and the cost to repair the damage to Plaintiffs' Property. Defendants, their employees, adjusters, and/or agents made these and other false representations to Plaintiffs, **either knowingly** or recklessly, as a positive assertion, and without knowledge of the truth. Defendants made these false representations with the intent that Plaintiffs act in accordance with said misrepresentations. Plaintiffs relied on the Defendants' misrepresentations, including, but not limited to, those regarding the Policy coverage, the scope of damage to the Property, and the cost to repair the damage to Plaintiffs' Property. Plaintiffs have been damaged as a result of such reliance.

7.08   To date, Defendants have made no efforts to pay the Plaintiffs' Claim.

7.09    Because the Defendants denied full payment of Plaintiffs' insurance claim, Plaintiffs have not been able to properly and completely repair the damages to Plaintiffs' Property. This has caused additional, further damage to Plaintiffs' property.

7.10   Defendants failed to properly adjust the Claim and the Defendants have denied at least a portion of the Claim without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

7.11   These false representations allowed Defendants to financially gain by wrongfully denying at least a portion of Plaintiffs' claim.

7.12   The Defendants failed to fairly evaluate and adjust Plaintiffs' claim as it is obligated to do under the Policy and Texas law. By failing to properly investigate the claim and wrongfully denying

**EXHIBIT 2**

full coverage to Plaintiffs, Defendants engaged in unfair settlement practices by misrepresenting material facts to Plaintiffs.

7.13    Defendants failed to perform their contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Specifically, the Defendants failed and refused to properly pay proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. The Defendants' conduct constitutes a breach of the insurance contract.

7.14    The Defendants failed to make an attempt to settle Plaintiffs' claim in a fair manner, although Defendants were aware of the reasonably clear liability to Plaintiffs under the Policy. The Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060 (a)(2)(A).

7.15    Defendants refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, the Defendants performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses to the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code Section 541.060 (a)(7).

7.16    Defendants failed to accept or deny the Plaintiffs' full and entire claim within the statutory mandated deadline of receiving all necessary information. The Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.056.

7.17    Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendants delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for the claim.

**EXHIBIT 2**

Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code Section 542.058.

7.18    From and after the time Plaintiffs' claim was presented to Defendants, the liability of the Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendants have refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. The Defendants' conduct constitutes a breach of the Defendants' ongoing and continuous common law duty of good faith and fair dealing.

7.19    As a result of Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney representing them with respect to these causes of action. To date, Defendants have failed to pay and refuses to pay Plaintiffs for the proper repair of the property.

7.20    The Plaintiffs' experience is not an isolated case. The acts and omissions of the Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of the Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

7.21    Plaintiffs have complied with any and all of Plaintiffs' obligations under the Policy.


## VIII. 1ST CAUSE OF ACTION - BREACH OF CONTRACT

8.01    The Policy is a valid, binding and enforceable contract between Plaintiffs and Defendants. Defendants breached the contract by refusing to perform its obligations under the terms of the Policy and pursuant to Texas law. Defendants' breach proximately caused Plaintiffs' injuries and damages. All conditions precedent required under the Policy have been performed, excused, waived or otherwise satisfied by Plaintiffs.

**EXHIBIT 2**

## IX.  CAUSE OF ACTION – DTPA

9.01    Plaintiffs are a "consumer" in that Plaintiffs acquired goods and/or services by purchase from Defendants Underwriters, Markel, and Essex, and the goods and/or services form the basis of this action.

9.02    Defendants Underwriters, Markel, and Essex committed numerous violations of the D.T.P.A., insofar as Defendants:

> a) Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities, which they do not have;

> b) Represented that an agreement confers or involves rights, remedies, or obligations, which it does not have or involve, or which are prohibited by law;

> e) Failed to disclose information concerning goods or services, which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

> d) Generally engaged in unconscionable courses of the transaction while handling the Procurement of Insurance and the subsequent Claim; and/or

> e) Violated the provisions of the Texas Insurance Code described herein.

9.03    Defendants Underwriters, Markel, and Essex took advantage of Plaintiffs' lack of knowledge, ability, experience or capacity to a grossly unfair degree and to Plaintiffs' detriment. Defendants' acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of the Defendants' violations of the D.T.P.A., Plaintiffs suffered actual damages.

*Ngocdung-Nguyen v. Underwriters et al.* ORIGINAL PETITION

**EXHIBIT 2**

## X. CAUSE OF ACTION- TEXAS INSURANCE CODE §541 ET. SEQ.

10.01   Defendants Underwriters, Markel, and Essex violated the TEXAS INSURANCE CODE §541 et. seq. because the Defendants engaged in unfair and/or deceptive acts or practices in the business of insurance.  Specifically, Defendants' acts and omissions violated the following:

     a.    §541.051(1);

     b.    §541.051(4);

     c.    engaging in unfair settlement practices by (§541.060):

         i.    misrepresenting to Plaintiffs a material fact or policy provision relating to the coverage at issue. §541.060(1).

         ii.    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim with respect to which Defendants' liability has become reasonably clear. §541.060(2).

         iii.    failing to promptly provide a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim. §541.060(3).

         iv.    failing within a reasonable time to affirm or deny coverage of a claim to a policyholder. §541.060(4).

         v.    refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy. §541.060(5).

         vi.    refusing to pay a claim without conducting a reasonable investigation with respect to the claim. §541.060(7).

     d.    misrepresenting Plaintiffs' insurance policy. (§541.061):

         i.    making an untrue statement of material fact. §541.060(1).

         ii.    failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made. §541.060(2).

         iii.    making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material facts. §541.060(3).

     e.    §17.46(b) of the DTPA, incorporated by TEXAS INSURANCE CODE §541.151.

10.02   Defendants' conduct was committed knowingly because Defendants had actual awareness of the falsity, deception or unfairness of their acts and practices made the basis for Plaintiffs' claim for damages under the TEXAS INSURANCE CODE.

*Ngocdung-Nguyen v. Underwriters et al.* ORIGINAL PETITION

**EXHIBIT 2**

10.03    Plaintiffs gave Defendants notice as required by §541.154 of the TEXAS INSURANCE CODE.

10.04    Defendants' conduct was the producing cause of Plaintiffs' injuries.

## XI. CAUSE OF ACTION -- TEXAS INSURANCE CODE §542 ET. SEQ.

11.01    Defendants violated Chapter 542 of the Texas Insurance Code because Defendants failed to do the following within the statutorily mandated time of receiving all necessary information:

    (1)    Failing to acknowledge the Plaintiffs' claim on time;

    (2)    Failing to commence an investigation of Plaintiffs' claim;

    (3)    Failing to request all information reasonably necessary to investigate Plaintiffs' claim with the statutorily mandated deadlines;

    (4)    Failing to give proper notice of the acceptance or rejection of part or all of Plaintiffs' claim;

    (5)    Failing to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all information;

    (6)    Failing to pay Plaintiffs' claim without delay; and

    (7)    Failing to include the requisite penalty interest on any and all payments made beyond the statutorily designated time to make payment in full for Plaintiffs' claim.

11.02    Such failures constitute violations of the TEXAS INSURANCE CODE Sections 542.055, 542.056, 542.057, and 542.058.  As a result of the forgoing violations, Plaintiffs request damages under TEXAS INSURANCE CODE Section 542.060.

## XII. CAUSE OF ACTION – GOOD FAITH & FAIR DEALING

12.01    Beginning with the inception of the insurance policy made the subject of this lawsuit, Defendants Underwriters, Markel, and Essex have owed and continue to owe Plaintiffs a continuous, ongoing duty of good faith and fair dealing.  Defendants breached this duty by the

*Ngocdung-Nguyen v. Underwriters et al.*  ORIGINAL PETITION

**EXHIBIT 2**

way Defendants deceived Plaintiffs with regards to placing an inferior insurance policy and again in the way that Defendants chose to handle Plaintiffs' claim. Defendants Underwriters, Markel, and Essex knew or should have known that the insurance policy sold to the Plaintiffs was an inferior policy.  Defendants Underwriters, Markel, and Essex knew or should have known that it was reasonably clear that Plaintiffs' claim is a covered claim. Defendants' breach of the duty of Good Faith and Fair Dealing was a proximate cause of Plaintiffs' damages.

## XIII. DAMAGES

13.01   As a direct result of Defendants' conduct, Plaintiffs suffered economic damages, upon all of which Plaintiffs are entitled recovery.  Plaintiffs are entitled recovery of mental anguish damages because Defendants acted in bad faith and Defendants' knowing conduct was the producing cause of Plaintiffs' mental anguish.

13.02   Pursuant to the DTPA and TEXAS INSURANCE CODE, Plaintiffs are entitled to recover treble damages because Defendants' conduct was committed knowingly.

13.03   Plaintiffs are entitled to exemplary damages as a result of Defendants' breach of duties owed as described above.  When viewed objectively from the standpoint of the Defendants at the time of the occurrence in question, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others and of which the Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others.

13.04   Defendants' actions entitle Plaintiffs to statutory damages, mental anguish, punitive damages, and interest of 18% per annum for the lack of prompt payment of Plaintiffs' Claim.

## XIV. ATTORNEY'S FEES

14.01   As a result of Defendants' conduct, Plaintiffs have been forced to retain an attorney to seek justice in this Court.  Accordingly, Plaintiffs are entitled to recover her reasonable and necessary

*Ngocdung-Nguyen v. Underwriters et al.* ORIGINAL PETITION

**EXHIBIT 2**

attorney's fees incurred in this action pursuant to TEX. CIV. PRAC. & REM. CODE §38.001, DTPA §17.50(d), and the TEXAS INSURANCE CODE §541.152.

## XV. <u>JURY DEMAND</u>

15.01.    Plaintiffs requests a jury trial, and herewith tenders a jury fee.

## XVI. <u>REQUESTS FOR DISCLOSURE</u>

16.01   Under the Texas Rule of Civil Procedure 194, the Defendants are requested to disclose within thirty (30) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

### <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be cited to appear and answer, and that judgment be rendered against Defendants for Plaintiffs' economic damages, mental anguish damages, statutory interest penalties, treble damages, exemplary damages, reasonable and necessary attorney fees, pre-judgment interest, and post-judgment interest as allowed by law, costs of suit, and all other relief to which Plaintiffs are entitled.  As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek monetary relief over $100,000 but not more than $200,000.

The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.

Respectfully submitted,

**DICK LAW FIRM, PLLC**

*Ngocdung-Nguyen v. Underwriters et al.*  ORIGINAL PETITION

**EXHIBIT 2**

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
DICK LAW FIRM, PLLC
3701 Brookwoods
Houston, Texas 77092
(832) 207-2007 Office
(713) 498-7969 Cellular
(713) 893-6931 Facsimile
www.dicklawfirm.com
**ATTORNEY FOR PLAINTIFFS**

*Ngocdung-Nguyen v. Underwriters et al.* ORIGINAL PETITION

**EXHIBIT 2**

## EXHIBIT "A"
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

### I.
### DEFINITIONS:

1. "You" or "Your" means the party responding to these requests.

2. "The Policy" means the insurance policy that is the basis of claims made against Defendant in this lawsuit.

3. "Insured Location" means the real property at the location described in the Policy declarations.

4. "Dwelling" means the dwelling located at the Insured Location at the time of the claim subject of this suit.

5. "Other Structures" means any structures located at the Insured Location during the claim subject of this suit that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6. "Other Damages" means debris removal, temporary repairs, tree and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7. "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against Defendant in this lawsuit.

8. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9. "The Claim" means the insurance claim made the basis of the breach of contract claim made against Defendant in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. *See* Texas Rule of Evidence 1001(a). "Document" specifically includes information that exists in electronic or magnetic form.

12. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. *See* Texas Rule of Civil Procedure 192.3(h).

**EXHIBIT 2**

13. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## II.
## INSTRUCTIONS:

1. You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2. Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Requests for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

## III.
## INTERROGATORIES

1. Please identify any person you expect to call to testify at the time of trial.

ANSWER:

2. Identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage during the claim subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

ANSWER:

3. If you performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by you or any of your representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

ANSWER:

4. Identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of your investigation.

ANSWER:

5. State the following concerning notice of claim and timing of payment:
a. The date and manner in which you received notice of the claim
b. The date and manner in which you acknowledged receipt of the claim
c. The date and manner in which you commenced investigation of the claim
d. The date and manner in which you requested from the claimant all items, statements, and forms that you reasonably believed, at the time, would be required from the claimant

**EXHIBIT 2**

e. The date and manner in which you notified the claimant in writing of the acceptance or rejection of the claim

ANSWER:

6. Identify by date, amount and reason, the insurance proceed payments made by you to the Plaintiffs.

ANSWER:

7. Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for denying the claim.

ANSWER:

8. Please identify the written procedures or policies (including document(s) maintained in electronic form) you maintained for your internal or third party adjusters to use in connection with handling property and casualty claims arising out of The claim subject of this suit.

ANSWER:

9. When was the date you anticipated litigation?

ANSWER:

10. From the last three years, what documents (including those maintained electronically) relating to the investigation or handling of a claim for insurance benefits in Texas are routinely generated during the course of the investigation and handling of a claim by you (e.g. Investigation Reports; z-records; reserves sheet; electronic claims diary; a claims review report; team controversion report)?

ANSWER:

11. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe your document retention policy.

ANSWER:

12. Do you contend that the insured premises was damaged by flood water, storm surge and/or any excluded peril? If so, state the general factual bases for this contention.

ANSWER:

**EXHIBIT 2**



13. Do you contend that any act or omission by the Plaintiffs voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual bases for this contention.

ANSWER:

14. Do you contend that the Plaintiffs failed to satisfy any condition precedent or covenant of the policy in any way? If so, state the general factual bases for this contention.

ANSWER:

15. How is the performance of the adjusters involved in handling Plaintiff's claim evaluated? State the following:
a. what performance measures are used
b. describe your bonus or incentive plan for adjusters

ANSWER:

16. Are you claiming that you are entitled to attorney fees or costs associated with the underlying lawsuit? If so, state the following:
a. what is the total amount of attorney fees incurred?
b. what is the total amount of attorney fees expected to be incurred?
c. what is the total amount of costs incurred?
d. what is the total amount of costs expected to be incurred?
e. what is your attorney's hourly rates?

ANSWER:

**EXHIBIT 2**

**EXHIBIT "B"**
**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

**I.**
**DEFINITIONS:**

1. "You" or "Your" means the party responding to these requests.

2. "The Policy" means the insurance policy that is the basis of claims made against Defendant in this lawsuit.

3. "Insured Location" means the real property at the location described in the Policy declarations.

4. "Dwelling" means the dwelling located at the Insured Location at the time of The claim subject of this suit.

5. "Other Structures" means any structures located at the Insured Location during the claim subject of this suit that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6. "Other Damages" means debris removal, temporary repairs, tree and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7. "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against Defendant in this lawsuit.

8. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9. "The Claim" means the insurance claim made the basis of the breach of contract claim made against Defendant in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. *See* Texas Rule of Evidence 1001(a). "Document" specifically includes information that exists in electronic or magnetic form.

12. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. *See* Texas Rule of Civil Procedure 192.3(h).

**EXHIBIT 2**

13. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## II.
## INSTRUCTIONS:

1. You are requested to produce photographs, video recordings and audio recordings that were created or stored electronically.

2. Pursuant to Rule 196.4, you are requested to produce electronic or magnetic data responsive to the Requests for Production below in tiff or pdf searchable format, including email, instant message and pdf forms of the documents.

## III.
## REQUEST FOR PRODUCTION OF DOCUMENTS

1. The claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claim that is the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file.

RESPONSE:

2. If you seek to recover attorney's fees in this lawsuit or costs associated with the lawsuit, please produce your attorney fee agreement, your attorney fee statements and invoices, any time-keeping records kept by you or your attorney, and your checks for payment of attorney's fees or expenses, and all documentation regarding costs incurred or to be incurred.

RESPONSE:

3. The underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

RESPONSE:

4. A certified copy of the insurance policy pertaining to the claims involved in this suit.

RESPONSE:

5. For the last three years, your written procedures or policies (including document(s) maintained in electronic form) that pertain to the handling of claims in Texas.

RESPONSE:

6. The adjusting reports, estimates, and appraisals prepared concerning Plaintiff's underlying claim

**EXHIBIT 2**

RESPONSE:

7. The engineering reports, estimates, and appraisals prepared concerning Plaintiff's underlying claim

RESPONSE:

8. The emails, instant messages, and internal correspondence pertaining to Plaintiff's underlying claim.

RESPONSE:

9. The Plaintiff's file from the office of their insurance agent.

RESPONSE:

10. The documents reflecting reserves applied to the subject claim.

RESPONSE:

11. For the past five years, the portions of the personnel file of the adjuster(s) involved in handling Plaintiff's claim that pertain to disciplinary actions associated with claims handling, and performance under a bonus or incentive plan.

RESPONSE:

12. For the last five years, the managerial bonus or incentive plan for managers responsible for claims.

RESPONSE:

13. The Complaint Log required to be kept by you for complaints in Texas filed over the past three years.

RESPONSE:

14. For the last five yours, your approved or preferred vendor list for engineers, third party adjusters/adjusting companies, roofers and contractors.

RESPONSE:

15. Produce the following documents and tangible things which relate to the Policy, insurance claims, property damage, or repairs made the subject matter of this lawsuit:

    A.    All communications between you and any third-party;

**EXHIBIT 2**



B.    All communications (including but not limited to e-mail, correspondence and facsimiles) between you and the insurance agent of the policy subject to this lawsuit;

C.    All documentation (including diaries, notebooks, and memos) of conversations from the Defendant, its agents, adjusters, independent adjusters, investigators, engineers, or attorneys;

D.    All photographs, electronic recordings, or videotape recordings of the Defendant, its adjusters, independent adjusters, investigators, engineers, or attorneys;

E.    All written statements of the Defendant, its adjusters, independent adjusters, investigators, engineers or attorneys;

F.    All written agreements between you and any contractor, consultant, engineer, design professional, adjuster, investigator, insurance agency or carrier;

G.    All communications between you and any contractor, consultant, engineer, design professional, adjuster, investigator, insurance agency or carrier;

H.    All reports provided to you by any contractor, consultant, engineer, design professional, adjuster, investigator, insurance agency or carrier;

I.    All estimates, bids, invoices, billing statements, and payment records (including canceled checks) for goods or services provided to you by any contractor, consultant, engineer, design professional, adjuster, investigator, insurance agency or carrier;

J.    All contract documents, estimates and bid proposals, plans and specifications, and change orders, relating to construction, repair, replacement or maintenance of the property damage made the basis of this lawsuit;

K.    All photographs or videotapes of the Dwelling, grounds, units, Personal Property, surrounding area, or other any other structures which may be used at trial.

L.    All documents which you contend you provided to Plaintiff or its adjusters during the insurance claim process.

M.    All Personal Property inventories, and all receipts, invoices, photos, and other records that describe the damaged Personal Property or its condition, value or replacement cost.

RESPONSE:



EXHIBIT 2

**EXHIBIT "C"**
**PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

**I.**
**DEFINITIONS:**

1. "You" or "Your" means the party responding to these requests.

2. "The Policy" means the insurance policy that is the basis of claims made against DEFENDANT in this lawsuit.

3. "Insured Location" means the real property at the location described in the Policy declarations.

4. "Dwelling" means the dwelling located at the Insured Location at the time of the claim subject of this suit.

5. "Other Structures" means any structures located at the Insured Location during the claim subject of this suit that are set apart from the Dwelling by a clear space, including those connected only by a fence, utility line, or similar connection.

6. "Other Damages" means debris removal, temporary repairs, tree and shrub removal, personal property removal and storage, loss of use and additional living expenses.

7. "Personal Property" means any or all of the personal property and business personal property that is the subject of the claims made against DEFENDANT in this lawsuit.

8. "Your Counsel" means the attorney or attorneys who are representing or have represented you either with regard to the claim or in this lawsuit.

9. "The Claim" means the insurance claim made the basis of the breach of contract claim made against DEFENDANT in this lawsuit.

10. "Written Communication" means the conveyance of information by a writing, whether by letters, e-mails, memoranda, handwritten notes and/or faxes.

11. "Document" means letters, words or numbers or their equivalent, set down by handwriting, typewriting, printing, photostating, photographing, magnetic or electronic impulse, mechanical or electronic recording, or other form of data compilation. *See* Texas Rule of Evidence 1001(a). "Document" specifically includes information that exists in electronic or magnetic form.

12. "Witness Statement" means the statement of any person with knowledge of relevant facts, regardless of when the statement was made, and is a (1) written statement signed or otherwise adopted or approved in writing by the person making it, or (2) a stenographic, mechanical, electrical, or other type of recording of a witness's oral statement, or any substantially verbatim transcript of such recording. *See* Texas Rule of Civil Procedure 192.3(h).

**EXHIBIT 2**

13. "Date" means the exact date, month and year, if ascertainable, or, if not, the best available approximation.

## II.
## INSTRUCTIONS:

PLAINTIFF serves these requests for admissions on DEFENDANT, as allowed by Texas Rule of Civil Procedure 198.

## III.
## REQUESTS FOR ADMISSION

1.      PLAINTIFF received a copy of DEFENDANT's estimate of damage from the claim subject of this lawsuit less than two years and one day before the date this lawsuit was filed.

ANSWER:

2.      PLAINTIFF received DEFENDANT's payment of policy benefit for the claim subject of this lawsuit less than two years and one day before the date this lawsuit was filed.

ANSWER:

3.      PLAINTIFF has communicated with DEFENDANT regarding PLAINTIFF'S claim subject of this lawsuit claim for less than two years and one day before the date this lawsuit was filed.

ANSWER:

4.      PLAINTIFF has communicated with any adjuster hired by DEFENDANT regarding PLAINTIFF'S claim subject of this lawsuit claim for less than two years and one day before the date this lawsuit was filed.

ANSWER:

5.      PLAINTIFF contacted DEFENDANT regarding PLAINTIFF'S claim subject of this lawsuit claim for less than two years and one day before the date this lawsuit was filed.

ANSWER:

6.      PLAINTIFF contacted any adjuster hired by DEFENDANT regarding PLAINTIFF'S claim subject of this lawsuit claim for less than two years and one day before the date this lawsuit was filed.

ANSWER:

**EXHIBIT 2**

7.   DEFENDANT denied PLAINTIFF'S claim subject of this lawsuit less than two years and one day before the date this lawsuit was filed.

ANSWER:

8.   PLAINTIFF was insured by DEFENDANT during the date of loss for PLAINTIFF'S claim subject to this lawsuit.

ANSWER:

9.   DEFENDANT paid a portion of PLAINTIFF'S claim subject to this lawsuit.

ANSWER:



EXHIBIT 2



**EXHIBIT "D"**
**PLAINTIFF'S MOTION TO COMPEL MEDIATION PURSUANT TO**
**§ 541.161 OF THE TEXAS INSURANCE CODE AND**
**§ 17.5051 OF TEXAS BUSINESS AND COMMERCE CODE**
**AND BRIEF IN SUPPORT OF MOTION TO COMPEL MEDIATION**

This Motion to Compel Mediation is brought in accordance with § 541.161 of the Texas Insurance Code and § 17.5051 of Texas Business and Commerce Code by Plaintiff. In support, they show:

## I.
### SUMMARY OF THE CASE

1.     This is a lawsuit regarding damage to an insured property.

2.     Pursuant to Texas Insurance Code § 541.161 and § 17.5051 of Texas Business and Commerce Code, Plaintiff asks this court to compel a mediation in an attempts to timely resolve this dispute.

## II.
### ISSUE PRESENTED

3.     At the request of a party, not later than the 90th day after the date a pleading for relief under the Texas Insurance Code/Texas Business and Commerce Code has been served, the Court shall sign an order setting the time and place for a mediation to occur within 30 days after the date of such order.

## III.
### MOTION TO COMPEL MEDIATION

4.     To promote early resolution of consumer insurance complaints, Texas Insurance Code and Texas Business and Commerce Code allows a party to compel another party to mediation by seeking mediation within 90 days of filing a petition seeking relief. The mediation must occur within 30 days of a signed order. The court may under certain circumstances grant an additional 30 days in which the mediation can be completed. Such provision allows either the parties to agree on a mediator or the court to appoint one.

5.     Plaintiff believes that there is a reasonable expectation that the disputes in this case may be resolved by the use of the alternative dispute resolution procedure of mediation, and Plaintiff therefore requests the Court to refer this dispute for resolution by mediation.

6.     Plaintiff requests that the Court refer this matter to a mediator who is qualified for mediation as provided by the Federal Rules.  Plaintiff request that the costs of mediation be divided as directed per Tex. Ins. Code § 541.161 and Tex. Bus. & Com. Code § 17.5051, paid in advance directly to the mediator, and taxed as costs.



**EXHIBIT 2**

7.      Plaintiff prays that the Court grant this Motion for Mediation and render an order of referral to mediation pursuant to Texas Insurance Code § 541.161 and § 17.5051 of Texas Business and Commerce Code.

## IV.
## BRIEF IN SUPPORT OF MOTION TO COMPEL MEDIATION

8.      § 541.161(a)&(b) of the Texas Insurance Code and § 17.5051(a)&(b) of Texas Business and Commerce Code states:

> A party may, not later than the 90th day after the date a pleading for relief under this subchapter is served, file a motion to compel mediation of the dispute in the matter provided by this section. **The court shall, not later than the 30th day after the date a motion under this section is filed, sign an order setting the time and place of the mediation.**

9.      § 541.161(c)&(d) of the Texas Insurance Code and § 17.5051(c)&(d) of Texas Business and Commerce Code states:

> The court shall appoint a mediator if the parties do not agree on a mediator. The mediation must be held not later than the 30th day after the date the order is signed, unless:
>
>    (1)  the parties agree otherwise;  or
>
>    (2)  the court determines that additional time not to exceed 30 days is warranted.

10.     Plaintiff has filed a pleading for relief under § 541 of the Texas Insurance Code and/or § 17 of Texas Business and Commerce Code that was served on Plaintiff within 90 days from this motion; therefore, Plaintiff now asks this court to sign an order setting the time and place for mediation to be held not later than the 30th day after such order is signed.

## V.
## PRAYER

11.     For these reasons Plaintiff prays that this court sign an order setting the time and place for mediation to occur within 30 days from such order and further names a duly qualified mediator.

Respectfully submitted,

DICK LAW FIRM, PLLC

By:_____

EXHIBIT 2

2016060909..1503..0070



Eric Dick, LL.M.
TBN: 24064316
FIN: 1082959
3701 Brookwoods Drive;
Houston, Texas 77092
(832) 207-2007 Telephone
(713) 498-7969 Cellular
(713) 893-6931 Facsimile
eric@dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**



**EXHIBIT 2**

20160609::1503::0071

**EXHIBIT "D-1"**
**TEXAS INSURANCE CODE § 541.161**

§ 541.161. MEDIATION.  (a) A party may, not later than the 90th day after the date a pleading seeking relief under this subchapter is served, file a motion to compel mediation of the dispute in the manner provided by this section.

(b)  The court shall, not later than the 30th day after the date a motion under this section is filed, sign an order setting the time and place of the mediation.

(c)  The court shall appoint a mediator if the parties do not agree on a mediator.

(d)  The mediation must be held not later than the 30th day after the date the order is signed, unless:

(1)  the parties agree otherwise;  or

(2)  the court determines that additional time not to exceed 30 days is warranted.

(e)  Each party who has appeared in the action, except as agreed to by all parties who have appeared, shall:

(1)  participate in the mediation;  and

(2)  except as provided by Subsection (f), share the mediation fee.

(f)  A party may not compel mediation under this section if the amount of actual damages claimed is less than $15,000 unless the party seeking to compel mediation agrees to pay the costs of the mediation.

(g)  Except as provided by this section, the following apply

**EXHIBIT 2**

to the appointment of a mediator and the mediation process provided

by this section:

           (1)   Section 154.023, Civil Practice and Remedies Code;

and

           (2)   Subchapters C and D, Chapter 154, Civil Practice

and Remedies Code.


       Added by Acts 2003, 78th Leg., ch. 1274, § 2, eff. April 1, 2005

UNOFFICIAL COPY

**EXHIBIT 2**

## EXHIBIT "D-2"
## TEXAS BUSINESS AND COMMERCE CODE § 17.5051

Sec. 17.5051.   MEDIATION.   (a)   A party may, not later than the 90th day after the date of service of a pleading in which relief under this subchapter is sought, file a motion to compel mediation of the dispute in the manner provided by this section.

(b)   The court shall, not later than the 30th day after the date a motion under this section is filed, sign an order setting the time and place of the mediation.

(c)   If the parties do not agree on a mediator, the court shall appoint the mediator.

(d)   Mediation shall be held within 30 days after the date the order is signed, unless the parties agree otherwise or the court determines that additional time, not to exceed an additional 30 days, is warranted.

(e)   Except as agreed to by all parties who have appeared in the action, each party who has appeared shall participate in the mediation and, except as provided by Subsection (f), shall share the mediation fee.

(f)   A party may not compel mediation under this section if the amount of economic damages claimed is less than $15,000, unless the party seeking to compel mediation agrees to pay the costs of the mediation.

(g)   Except as provided in this section, Section 154.023, Civil Practice and Remedies Code, and Subchapters C and D, Chapter 154, Civil Practice and Remedies Code, apply to the appointment of a mediator and to the mediation process provided by this section.

(h)   This section does not apply to an action brought by the attorney general under Section 17.47.

Added by Acts 1995, 74th Leg., ch. 414, Sec. 7, eff. Sept. 1, 1995.

**EXHIBIT 2**

**EXHIBIT "E"**
**PLAINTIFF'S DESIGNATION OF EXPERT WITNESSES**

NOW COMES Plaintiff who files this, its Designation of Expert Witnesses, and designates the following expert witnesses, one or more of whom may testify at trial:

**I.**

Plaintiff may call the following experts who are not retained:

1. ERIC RAMIREZ
   6631 EMERALD DRIVE;
   PASADENA, TX 77505
   *Graduate Master Builder/Public Adjuster*

The above-named witnesses may be called to testify as property experts with regard to the nature, existence of damage, cause, and value of Plaintiff's property and similar property. They may also offer testimony concerning the estimates and reports prepared by individuals utilized by Plaintiff in connection with their claim. Said experts will base opinions on their respective training, education, experience, and review of the reports, estimates, and data, and other documents previously produced or to be produced in this case and each respective inspection of said property.

1. ERIC DICK, LLM
   DICK LAW FIRM, PLLC
   4325 Tulsa Road
   Houston, Texas 77092
   Phone # 832-207-2007
   Fax # 713-893-6931
   www.dicklawfirm.com

Mr. Dick may be called by plaintiff to testify as an expert witness at the trial of this action, pursuant to Rule 702, Tex. R. Evid., on topics of reasonable and necessary attorney's fees incurred or recoverable by any party to this lawsuit. Such expert is familiar with the average and reasonable attorney fees usually and customarily charged by attorneys in various Texas Counties for the handling of similar claims. The expert identified are aware of the various necessary efforts expended in prosecuting this suit on behalf of plaintiff, and the reasonable charges therefore, and are expected to testify that the attorney's fees incurred by plaintiff in its pursuit of this matter are reasonable and necessary, and that the attorney's fees incurred by defendant may not be reasonable or necessary.

College:                Thomas M. Cooley
Degree:                 Juris Doctorate
Distinctions:           Cum Laude
College:                University of Alabama
Degree:                 Masters of Laws and Letters
Notable information: Interned for Michigan's Attorney General in the Tobacco and Special Litigation Division and worked on the Master Settlement Agreement which is the largest civil settlement in United States history.

**II.**

**EXHIBIT 2**

Plaintiff reserves the right to supplement this designation further within the time limitations imposed by the Court and/or by any alterations of same by subsequent Court order and/or by agreement of the parties and/or pursuant to the Texas Rules of Civil Procedure and/or the Texas Rules of Evidence.

## III.

Plaintiff reserves the right to withdraw the designation of any expert witness and to aver positively that such previously designated expert will not be called as an expert witness at trial and to re-designate same as a consulting expert, who cannot be called by opposing counsel.

## IV.

Plaintiff reserves the right to elicit by cross-examination the opinion testimony of experts designated and called by other parties to this suit.

## V.

Plaintiff reserves the right to call undesignated expert witnesses for rebuttal or impeachment, whose identities and testimony cannot reasonably be foreseen until Defendants have named their experts or presented its evidence at trial.

## VI.

Plaintiff reserves the right to elicit any expert testimony and/or lay opinion testimony that would assist the jury in determining material issues of fact and that would not violate the Texas Rules of Civil Procedure and/or the Texas Rules of Evidence.

## VII.

Plaintiff hereby designates and may call to testify as adverse witnesses any and all witnesses designated by Defendants hereto and any and all expert witnesses designated by any party, whether or not such person or entity is still a party hereto at the time of trial.

## VIII.

Plaintiff reserves all additional rights he may have with regard to expert witnesses and testimony under the Texas Rules of Civil Procedure, the Texas Rules of Evidence, statutes, case law, any orders issued by this Court or leave granted therefrom.

Respectfully Submitted,

Eric Dick, LLM
Texas Bar #24064316
Dick Law Firm
3701 Brookwoods Drive;

**EXHIBIT 2**

20160609-1503-0076

Houston, Texas 77092
(832) 207-2007 Telephone
(713) 893-6931 Facsimile



UNOFFICIAL COPY

**EXHIBIT 2**

FILED
6/8/2016 12:07:08 PM
Stan Stanart
County Clerk
Harris County

## CIVIL CASE INFORMATION SHEET

CAUSE NUMBER (FOR CLERK USE ONLY): **1078694**   COURT (FOR CLERK USE ONLY): **CCCL 1**

STYLED  D  **LE VAN NGUYEN et al VS ESSEX INSURANCE COMPANY et al**

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

### 1. Contact information for person completing case information sheet:

Name: ERIC B. DICK
DICK LAW FIRM, ATTORNEY

Email: dickdidit911@gmail.com

Address: 3701 BROOKWOODS DR.

Telephone: (832) 207-2007

City/State/Zip: HOUSTON, TX 77092

Fax: (713) 893-6931

State Bar No: 24064316

Names of parties in case:

Plaintiff(s)/Petitioner(s): D, D

Defendant(s)/Respondent(s): INSURANCE COMPANY, D, D

Person or entity completing sheet is:
■ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other:

[Attach additional page as necessary to list all parties]

### 2. Indicate case type, or identify the most important issue in the case (select only 1):

**Civil**

Contract — Debt/Contract: ■Consumer/DTPA, ☐Debt/Contract, ☐Fraud/Misrepresentation, ☐Other Debt/Contract; Foreclosure: ☐Home Equity—Expedited, ☐Other Foreclosure, ☐Franchise, ☐Insurance, ☐Landlord/Tenant, ☐Non-Competition, ☐Partnership, ☐Other Contract

Injury or Damage: ☐Assault/Battery, ☐Construction, ☐Defamation; Malpractice: ☐Accounting, ☐Legal, ☐Medical, ☐Other Professional Liability; ☐Motor Vehicle Accident, ☐Premises; Product Liability: ☐Asbestos/Silica, ☐Other Product Liability List Product:; ☐Other Injury or Damage

Real Property: ☐Eminent Domain/Condemnation, ☐Partition, ☐Quiet Title, ☐Trespass to Try Title, ☐Other Property:; Related to Criminal Matters: ☐Expunction, ☐Judgment Nisi, ☐Non-Disclosure, ☐Seizure/Forfeiture, ☐Writ of Habeas Corpus—Pre-indictment, ☐Other:

**Family Law**

Marriage Relationship: ☐Annulment, ☐Declare Marriage Void; Divorce: ☐With Children, ☐No Children; Other Family Law: ☐Enforce Foreign Judgment, ☐Habeas Corpus, ☐Name Change, ☐Protective Order, ☐Removal of Disabilities of Minority, ☐Other:

Post-Judgment Actions (non-Title IV-D): ☐Enforcement, ☐Modification—Custody, ☐Modification—Other; Title IV-D: ☐Enforcement/Modification, ☐Paternity, ☐Reciprocals (UIFSA), ☐Support Order; Parent-Child Relationship: ☐Adoption/Adoption with Termination, ☐Child Protection, ☐Child Support, ☐Custody or Visitation, ☐Gestational Parenting, ☐Grandparent Access, ☐Parentage/Paternity, ☐Termination of Parental Rights, ☐Other Parent-Child:

Employment: ☐Discrimination, ☐Retaliation, ☐Termination, ☐Workers' Compensation, ☐Other Employment

Other Civil: ☐Administrative Appeal, ☐Antitrust/Unfair Competition, ☐Code Violations, ☐Foreign Judgment, ☐Intellectual Property, ☐Lawyer Discipline, ☐Perpetuate Testimony, ☐Securities/Stock, ☐Tortious Interference, ☐Other:

Tax: ☐Tax Appraisal, ☐Tax Delinquency, ☐Other Tax

Probate & Mental Health — Probate/Wills/Intestate Administration: ☐Dependent Administration, ☐Independent Administration, ☐Other Estate Proceedings; ☐Guardianship—Adult, ☐Guardianship—Minor, ☐Mental Health, ☐Other:

### 3. Indicate procedure or remedy, if applicable (may select more than 1):
☐Appeal from Municipal or Justice Court, ☐Arbitration-related, ☐Attachment, ☐Bill of Review, ☐Certiorari, ☐Class Action, ☐Declaratory Judgment, ☐Garnishment, ☐Interpleader, ☐License, ☐Mandamus, ☐Post-judgment, ☐Prejudgment Remedy, ☐Protective Order, ☐Receiver, ☐Sequestration, ☐Temporary Restraining Order/Injunction, ☐Turnover

### 4. Indicate damages sought (do not select if it is a family law case):
■ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13

**EXHIBIT 2**

# STAN STANART
## COUNTY CLERK, HARRIS COUNTY, TEXAS
## COUNTY CIVIL COURTS DEPARTMENT

**Docket Number: 1078694**

**Receipt Number: OOC**          **No Sheriff/Constable Fee Collected**

LE VAN NGUYEN AND NGOCDUNG THY BUI
**Plaintiff**
VS.                                                In The County Civil Court at Law No. One (1)
                                                   201 Caroline / Suite 500
ESSEX INSURANCE COMPANY ET AL                      Houston, Harris County, Texas 77002
**Defendant**

THE STATE OF TEXAS
**ORIGINAL PETITION – DISCLOSURES CITATION**
**NOTICE TO SERVE NON-RESIDENT DEFENDANT**
**(Rules 101 & 108 – Rules of Civil Procedure – 1952)**

To: Any Sheriff or Constable or authorized person greetings:

TO:     Essex Insurance Company is a foreign Surplus Lines insurer
        4521 Highwoods Pkwy,
        Glen Allen, Virginia 23060-6148

Attached is a copy of petition with discovery attached.
This instrument was filed on the **8th day of June, 2016**, in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the county clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Issued and given under my hand and the seal of said court, at Houston, Texas, on this 10th day of June, 2016.

(SEAL)                                             STAN STANART, County Clerk
                                                   County Civil Court at Law No. One (1)
                                                   201 Caroline, Suite 300
                                                   Harris County, Texas

                                                   _____
                                                   David Garza
                                                   Deputy County Clerk

REQUESTED BY:   ERIC BURNS DICK
                DICK LAW FIRM PLLC
                3701 BROOKWOODS DR

P.O. Box 1525 | Houston, TX 77251-1525 | (713) 755-6421
www.cclerk.hctx.net

Form No. H-01-199 (Rev. 03/21/2012)                                    Page 1  of 1

**EXHIBIT 2**

CCCL-2016-195361

**Filed on 6/10/2016 8:54:29 AM**

HOUSTON, TEXAS 77092



CCCL-2016-195361

P.O. Box 1525 │  Houston, TX 77251-1525 │   (713) 755-6421
www.cclerk.hctx.net

Form No. H-01-199 (Rev. 03/21/2012)

Page **2**   of 1

**EXHIBIT 2**

# STAN STANART
## COUNTY CLERK, HARRIS COUNTY, TEXAS
### COUNTY CIVIL COURTS DEPARTMENT

**Docket Number: 1078694**

**Receipt Number: OOC**          **No Sheriff/Constable Fee Collected**

LE VAN NGUYEN AND NGOCDUNG THY BUI
**Plaintiff**
VS.
ESSEX INSURANCE COMPANY ET AL
**Defendant**

In The County Civil Court at Law No. One (1)
201 Caroline / Suite 500
Houston, Harris County, Texas 77002

## THE STATE OF TEXAS
## ORIGINAL PETITION – DISCLOSURES CITATION

TO:    Markel Service, Incorporated is foreign Third Party Administrator, may be served through the commissioner of
       Texas Department of Insurance at 333 Guadalupe, Austin, Texas 78701
       Defendants Address: 4521 Highwoods Pkwy, Glen Allen, Virginia 23060

Attached is a copy of petition with discovery attached.
This instrument was filed on the **8th day of June, 2016**, in the above cited cause number and court. The instrument
attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the county
clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.

Issued and given under my hand and the seal of said court, at Houston, Texas, on this 10th day of June, 2016.

(SEAL)

STAN STANART, County Clerk
County Civil Court at Law No. One (1)
201 Caroline, Suite 300
Harris County, Texas

_____
David Garza
Deputy County Clerk

REQUESTED BY:    ERIC  BURNS DICK
                 DICK LAW FIRM PLLC
                 3701 BROOKWOODS DR
                 HOUSTON, TEXAS 77092

P.O. Box 1525 |   Houston, TX 77251-1525 |   (713) 755-6421
www.cclerk.hctx.net

Form No. H-01-199 (Rev. 03/21/2012)                                      Page 1   of 1

**EXHIBIT 2**

Filed on 6/10/2016 8:54:42 AM



P.O. Box 1525 |   Houston, TX 77251-1525 |   (713) 755-6421
www.cclerk.hctx.net

Form No. H-01-199 (Rev. 03/21/2012)                                             Page **2**   of **1**

**EXHIBIT 2**

# STAN STANART
## COUNTY CLERK, HARRIS COUNTY, TEXAS
## COUNTY CIVIL COURTS DEPARTMENT

**Docket Number: 1078694**

**Receipt Number: OOC**                    **No Sheriff/Constable Fee Collected**

LE VAN NGUYEN AND NGOCDUNG THY BUI
**Plaintiff**                                   In The County Civil Court at Law No. One (1)
VS.                                             201 Caroline / Suite 500
ESSEX INSURANCE COMPANY ET AL                   Houston, Harris County, Texas 77002
**Defendant**

CCCL-2016-195397

### THE STATE OF TEXAS
### ORIGINAL PETITION – DISCLOSURES CITATION

TO:    Texas Specialty Underwriters, Inc. is a domestic agency
       510 Turtle Cove, Suite 200
       Rockwall, Texas 75087

Attached is a copy of petition with discovery attached.
This instrument was filed on the 8th day of **June, 2016**, in the above cited cause number and court. The instrument attached describes the claim against you.

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the county clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Issued and given under my hand and the seal of said court, at Houston, Texas, on this 10th day of June, 2016.

(SEAL)                                          STAN STANART, County Clerk
                                                County Civil Court at Law No. One (1)
                                                201 Caroline, Suite 300
                                                Harris County, Texas

                                                _____
                                                David Garza
                                                Deputy County Clerk

REQUESTED BY:   ERIC BURNS DICK
                DICK LAW FIRM PLLC
                3701 BROOKWOODS DR
                HOUSTON, TEXAS 77092

                    P.O. Box 1525 |   Houston, TX 77251-1525 |   (713) 755-6421
                                   www.cclerk.hctx.net

Form No. H-01-199 (Rev. 03/21/2012)                                   Page 1   of 1

**EXHIBIT 2**

CCCL-2016-195397



**EXHIBIT 2**

**Docket Number:** <u>1078694</u>

| | | |
|---|---|---|
| LE VAN NGUYEN  et al. | § | In the County Civil Court |
| | § | |
| | § | at Law No. One (1) |
| VS. | § | |
| | § | Harris County, Texas |
| ESSEX INSURANCE COMPANY et al. | | |

**ORDER FOR TRIAL SETTING**

It is hereby ORDERED that this case is SET for trial beginning on 1/9/2017 8:45:00 AM. The Courtroom is located at 201 Caroline, 5th Floor, Houston, TX 77002.

It is further ORDERED that PLAINTIFF notify all attorneys or pro se parties of this ORDER by certified mail, return receipt requested immediately.

Should the case settle prior to trial, please call the Trial Coordinator at 713-368-6611.

ATTENTION:
IF THIS CASE IS ELIGIBLE FOR THE FILING OF A DEFAULT JUDGMENT PLEASE BE AWARE THE DEFAULT MUST BE FILED 14 DAYS BEFORE THE DATE OF TRIAL OR YOU MUST APPEAR BEFORE THE JUDGE ON THE DAY OF THE TRIAL. FAILURE TO COMPLY WITH THIS NOTICE COULD RESULT IN YOUR CASE BEING DISMISSED BY THE COURT.

Signed on: June 15, 2016

<u>CLYDE RAYMOND LEUCHTAG</u>
Judge Presiding

**PLEASE NOTE:  IF THERE ARE MINOR CHILDREN INVOLVED IN THIS LAWSUIT, A MOTION AND ORDER TO APPOINT A GUARDIAN AD LITEM MUST BE FILED WITH THE COURT.**

ERIC DICK
DICK LAW FIRM PLLC

Form No. H01120 (Rev. 05/01/2011)

**EXHIBIT 2**

Filed on 6/15/2016 10:57:27 AM, Clerk

3701 BROOKWOODS DR
HOUSTON, TEXAS 77092

CCCL-2016-200807

UNOFFICIAL COPY

Form No. H01120 (Rev. 05/01/2011)

**EXHIBIT 2**

FILED
7/15/2016 3:23:53 PM
Stan Stanart
County Clerk
Harris County

NO. 1078694

| | | |
|---|---|---|
| LE VAN NGUYEN AND NGOCDUNG THY BUI., | § | IN THE COUNTY CIVIL COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | AT LAW NO. 1 |
| | § | |
| ESSEX INSURANCE COMPANY AND | § | |
| MARKEL SERVICE INCORPORATED | § | |
| AND TEXAS SPECIALTY | § | |
| UNDERWRITERS, INC. | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

## TEXAS SPECIALTY UNDERWRITERS, INC.'S
## ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Texas Specialty Underwriters, Inc. ("Texas Specialty") files its Answer to Plaintiffs' Original Petition. In support of this Answer, Texas Specialty would show this Court as follows:

### GENERAL DENIAL

1.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Texas Specialty generally denies the allegations made by Plaintiffs in their Original Petition and respectfully requests that Plaintiffs prove their charges and allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

### PRAYER

For the foregoing reasons, defendant Texas Specialty asks that Plaintiffs take nothing by their claims, that all costs be assessed against Plaintiffs, and that Defendant be granted such other relief to which it is entitled.

**EXHIBIT 2**

2016071913158:0069

Respectfully submitted,

/s/ Jamie R. Carsey
Jamie R. Carsey
State Bar No. 24045620
jcarsey@thompsoncoe.com
Marilyn S. Cayce
State Bar No. 17705500
mcayce@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of foregoing instrument has been served on the following counsel of record via electronic notification, certified mail, return receipt requested and/or by fax on July 15, 2016:

Eric B. Dick
Dick Law Firm, PLLC
3701 Brookwoods Drive
Houston, Texas  77092

*Counsel for Plaintiffs*



**EXHIBIT 2**

**Docket Number:** <u>1078694</u>

| | | |
|---|---|---|
| LE VAN NGUYEN et al. | § | In the County Civil Court |
| | § | |
| | § | at Law No. One (1) |
| VS. | § | |
| | § | Harris County, Texas |
| ESSEX INSURANCE COMPANY et al. | | |

**CCCL-2016-256247**

## ORDER FOR TRIAL SETTING

1. **TRIAL DATE.** At any time, the Parties may request an AGREED preferential trial setting for a date PRIOR to the Trial Date specified in this Notice. It is hereby ORDERED that this case is set for Trial on 1/9/2017 8:45:00 AM at 201 Caroline St 5th floor, Houston TX 77002.

2. **DISCOVERY.** Discovery requests must be served so that the deadline for responding will be at least 30 days before the first Trial Date, except by Rule 11 agreement or leave of Court. Rule 193.6 will be applied and incomplete discovery will not delay the trial.

3. **MINORS.** If a minor child is a party, defense counsel is ORDERED to file (on or before 30 days before the first Trial Date) a Motion and Proposed Order to appoint a Guardian Ad Litem or other appropriate motion.

4. **NOTICE.** It is hereby ORDERED that Plaintiff (within 2 days after receipt of this Order) shall notify all other parties of this Order by electronic transmission if available (such as email, text message, or fax) and by regular and by certified mail at each Party's last known address. Plaintiff shall submit proof of the notice at Trial.

5. **MEDIATION.** Mediation is hereby ORDERED and must be completed at least 2 weeks before the initial Trial Date. The assigned mediator will notify the Parties. Please see Court Procedures @ **www.CountyCivilCourt1.org**

6. **SERVICE.** If service has not been perfected and no TRCP 106(b) motion has been filed, the Plaintiff is ORDERED to set an oral *show-cause* hearing regarding the status of service to be heard no later than **90 days** after the date of filing. All cases shall be subject to dismissal for want of prosecution pursuant to Local Rule 3.6 if service (including alternate Rule 106(b) service) is not perfected and the **Return of Service of Citation** is not filed within 180 days.

Failure to comply with this Order or to appear may result in dismissal for want of prosecution, default, or other appropriate consequences.

Signed on: July 30, 2016

<u>CLYDE RAYMOND LEUCHTAG</u>
Judge Presiding

JAMIE ROHDE CARSEY
THOMPSON, COE, COUSINS & IRONS, L.L.P.
ONE RIVERWAY, SUITE 1400
HOUSTON, TEXAS 77056

Form No. H01120 (Rev. 05/01/2016)

**EXHIBIT 2**

**Filed on 7/30/2016 11:46:22 AM, Clerk**

CCCL-2016-256247



Form No. H01120 (Rev. 05/01/2011)

**EXHIBIT 2**

Docket Number: <u>1078694</u>

| | | |
|---|---|---|
| LE VAN NGUYEN  et al. | § | In the County Civil Court |
| | § | |
| | § | at Law No. One (1) |
| VS. | § | |
| | § | Harris County, Texas |
| ESSEX INSURANCE COMPANY et al. | | |

### <u>ORDER OF REFERRAL OF MEDIATION</u>

     This case is appropriate for mediation pursuant to Tex. Civ. & Rem. Code Sec. 154.001, et seq. David Harberg is appointed a mediator in the above case, and all counsel are directed to arrange the logistics of mediation. The Mediator's address, phone and fax numbers are as follows: David B. Harberg Law Offices 1010 Lamar Suite 450 HOUSTON, TEXAS 77002 Phone: 713-752-2200 Fax: 832-553-7888

     Mediation is a mandatory, non-binding settlement conference, conducted with the assistance of a Mediator. Mediation is private, confidential, and privileged from process and discovery. After mediation, the Court will be advised only that the case did or did not settle. The Mediator shall not be a witness, and the Mediator's records may not be subpoenaed or used as evidence.

     Fees for the mediation are to be agreed upon by the parties and the Mediator, and divided and borne equally by the parties unless agreed upon otherwise. Fees shall be paid by the parties directly to the Mediator, and shall be taxed as costs. Each party and counsel will be bound by the Rules for Mediation.

     Named parties shall be present during the entire mediation process, and each corporate party must be represented by a person with authority to negotiate a settlement. The mediation must be completed within one week before trial setting. Counsel and parties shall try to agree upon a mediation date within fourteen days of the date of this order. If no agreed date can be scheduled, then the Mediator shall select a date, and all parties shall appear as directed by the Mediator.

     Referral to the mediation is not a substitute for a trial and the case will be tried as assigned if not settled. Disputes as to fees may be submitted to the Court.

Signed on: 7/30/2016

<u>CLYDE RAYMOND LEUCHTAG</u>
Judge Presiding

ERIC  DICK
DICK LAW FIRM PLLC
3701 BROOKWOODS DR
HOUSTON, TEXAS 77092

Form No. H01139 (Rev. 05/01/2011)

**EXHIBIT 2**

**Docket Number:** <u>1078694</u>

| | | |
|---|---|---|
| LE VAN NGUYEN  et al. | § | In the County Civil Court |
| | § | |
| | § | at Law No. One (1) |
| VS. | § | |
| | § | Harris County, Texas |
| ESSEX INSURANCE COMPANY et al. | | |

<u>ORDER OF REFERRAL OF MEDIATION</u>

     This case is appropriate for mediation pursuant to Tex. Civ. & Rem. Code Sec. 154.001, et seq. David Harberg is appointed a mediator in the above case, and all counsel are directed to arrange the logistics of mediation. The Mediator's address, phone and fax numbers are as follows: David B. Harberg Law Offices 1010 Lamar Suite 450 HOUSTON, TEXAS 77002 Phone: 713-752-2200 Fax: 832-553-7888

     Mediation is a mandatory, non-binding settlement conference, conducted with the assistance of a Mediator. Mediation is private, confidential, and privileged from process and discovery. After mediation, the Court will be advised only that the case did or did not settle. The Mediator shall not be a witness, and the Mediator's records may not be subpoenaed or used as evidence.

     Fees for the mediation are to be agreed upon by the parties and the Mediator, and divided and borne equally by the parties unless agreed upon otherwise. Fees shall be paid by the parties directly to the Mediator, and shall be taxed as costs. Each party and counsel will be bound by the Rules for Mediation.

     Named parties shall be present during the entire mediation process, and each corporate party must be represented by a person with authority to negotiate a settlement. The mediation must be completed within one week before trial setting. Counsel and parties shall try to agree upon a mediation date within fourteen days of the date of this order. If no agreed date can be scheduled, then the Mediator shall select a date, and all parties shall appear as directed by the Mediator.

     Referral to the mediation is not a substitute for a trial and the case will be tried as assigned if not settled. Disputes as to fees may be submitted to the Court.

Signed on: 7/30/2016

<u>CLYDE RAYMOND LEUCHTAG</u>
Judge Presiding

JAMIE ROHDE CARSEY
THOMPSON, COE, COUSINS & IRONS, L.L.P.
ONE RIVERWAY, SUITE 1400
HOUSTON, TEXAS 77056

Form No. H01139 (Rev. 05/01/2011)

**EXHIBIT 2**

Docket Number: <u>1078694</u>

| | | |
|---|---|---|
| LE VAN NGUYEN  et al. | § | In the County Civil Court |
| | § | |
| | § | at Law No. One (1) |
| VS. | § | |
| | § | Harris County, Texas |
| ESSEX INSURANCE COMPANY et al. | | |

## <u>ORDER OF REFERRAL OF MEDIATION</u>

   This case is appropriate for mediation pursuant to Tex. Civ. & Rem. Code Sec. 154.001, et seq. David Harberg is appointed a mediator in the above case, and all counsel are directed to arrange the logistics of mediation. The Mediator's address, phone and fax numbers are as follows: David B. Harberg Law Offices 1010 Lamar Suite 450 HOUSTON, TEXAS 77002, Phone: 713-752-2200, Fax: 832-553-7888.

   Mediation is a mandatory, non-binding settlement conference, conducted with the assistance of a Mediator. Mediation is private, confidential, and privileged from process and discovery. After mediation, the Court will be advised only that the case did or did not settle. The Mediator shall not be a witness, and the Mediator's records may not be subpoenaed or used as evidence.

   Fees for the mediation are to be agreed upon by the parties and the Mediator, and divided and borne equally by the parties unless agreed upon otherwise. Fees shall be paid by the parties directly to the Mediator, and shall be taxed as costs. Each party and counsel will be bound by the Rules for Mediation.

   Named parties shall be present during the entire mediation process, and each corporate party must be represented by a person with authority to negotiate a settlement. The mediation must be completed within one week before trial setting. Counsel and parties shall try to agree upon a mediation date within fourteen days of the date of this order. If no agreed date can be scheduled, then the Mediator shall select a date, and all parties shall appear as directed by the Mediator.

   Referral to the mediation is not a substitute for a trial and the case will be tried as assigned if not settled. Disputes as to fees may be submitted to the Court.

Signed on: 7/30/2016

<u>CLYDE RAYMOND LEUCHTAG</u>
Judge Presiding

Please Note: Within 10 days of this ORDER, unless agreed to, Objection to Mediation or Substitution of Mediators must be set for an Oral Hearing.

David Harberg
David B. Harberg Law Offices
1010 Lamar Suite 450
HOUSTON, TEXAS 77002

Form No. H01139A (Rev. 05/01/2011)

**EXHIBIT 2**

**Docket Number:** <u>1078694</u>

| | | |
|---|---|---|
| LE VAN NGUYEN et al. | § § § § § | In the County Civil Court |
| | | at Law No. One (1) |
| VS. | | |
| | | Harris County, Texas |
| ESSEX INSURANCE COMPANY et al. | | |

**ORDER**

By order of this court, on July 30, 2016 David Harberg was appointed to serve as <u>MEDIATOR</u> in this case.

The following fees were agreed upon by the parties and were paid in the amount and by whom indicated:

$_____  PAID BY _____

$_____  PAID BY _____

$_____  PAID BY _____
(use additional page if needed)

Respectfully submitted this \_\_\_\_ day of _____.

_____
David Harberg
BAR CARD NUMBER REQUIRED _____

David Harberg
David B. Harberg Law Offices 1010 Lamar Suite 450
HOUSTON, TEXAS 77002

Approved by Court One (1)

_____
Presiding Judge

RETURN TO:   STAN STANART COUNTY CLERK
             P.O. Box 1525

Form No. H01139A (Rev. 05/01/2011)

**EXHIBIT 2**

Filed on 7/30/2016 11:47:35 AM, Clerk

ATTN:  CIVIL COURTS DEPARTMENT
Houston, TX  77251-1525



CCCL-2016-256251

Form No. H01139A (Rev. 05/01/2011)

**EXHIBIT 2**

# HARRIS COUNTY CLERKS PARTIES RECEIVING MEDIATION NOTICES

### Docket Number: 1078694

| | | |
|---|---|---|
| LE VAN NGUYEN  et al. | § | In the County Civil Court |
| VS. | § | |
| ESSEX INSURANCE COMPANY et al. | § | |
| | § | at Law No. One (1) |
| | § | |
| | § | Harris County, Texas |

**Mediator:**

David Harberg

David B. Harberg Law Offices 1010 Lamar Suite 450

HOUSTON, TEXAS  77002

**Plaintiff's Active Attorneys**

DICK,  ERIC  BURNS

DICK LAW FIRM PLLC 3701 BROOKWOODS DR

HOUSTON, TEXAS  77092

Phone: 8322072007

Fax:

Bar Number: 24064316

**Defendant's Active Attorneys**

CARSEY JAMIE ROHDE

THOMPSON, COE, COUSINS & IRONS, L.L.P. ONE RIVERWAY, SUITE 1400

HOUSTON, TEXAS  77056

Phone:

Fax:

Bar Number: 24045620

**Pro Se:**

CASE SET FOR TRIAL ON: 01/09/2017  08:45 AM

**EXHIBIT 2**

FILED
8/17/2016 2:40:05 PM
Stan Stanart
County Clerk
Harris County

NO. 1078694

| | | |
|---|---|---|
| LE VAN NGUYEN AND NGOCDUNG | § | |
| THY BUI., | § | IN THE COUNTY CIVIL COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | AT LAW NO. 1 |
| | § | |
| ESSEX INSURANCE COMPANY AND | § | |
| MARKEL SERVICE INCORPORATED | § | |
| AND TEXAS SPECIALTY | § | |
| UNDERWRITERS, INC. | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

## EVANSTON INSURANCE COMPANY, AS SUCCESSOR BY MERGER WITH ESSEX INSURANCE COMPANY'S, ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Evanston Insurance Company, as successor by merger with Essex Insurance Company ("Evanston"), ("Defendant"), files this Answer to Plaintiff's Original Petition, and respectfully shows as follows:

## GENERAL DENIAL

1.       Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Texas Specialty generally denies the allegations made by Plaintiffs in their Original Petition and respectfully requests that Plaintiffs prove their charges and allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

## PRAYER

For the foregoing reasons, Defendant Evanston Insurance Company asks that Plaintiffs take nothing by their claims, that all costs be assessed against Plaintiffs, and that Defendant be granted such other relief to which it is entitled.

**EXHIBIT 2**

Respectfully submitted,

*/s/ Jamie R. Carsey*
Jamie R. Carsey
State Bar No. 24045620
jcarsey@thompsoncoe.com
Marilyn S. Cayce
State Bar No.  17705500
mcayce@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of foregoing instrument has been served on the following counsel of record via electronic notification, certified mail, return receipt requested and/or by fax on August 17, 2016:

Eric B. Dick
Dick Law Firm, PLLC
3701 Brookwoods Drive
Houston, Texas   77092

*Counsel for Plaintiffs*

**EXHIBIT 2**

FILED
8/17/2016 2:40:05 PM
Stan Stanart
County Clerk
Harris County

NO. 1078694

| | | |
|---|---|---|
| LE VAN NGUYEN AND NGOCDUNG | § | |
| THY BUI., | § | IN THE COUNTY CIVIL COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | AT LAW NO. 1 |
| | § | |
| ESSEX INSURANCE COMPANY AND | § | |
| MARKEL SERVICE INCORPORATED | § | |
| AND TEXAS SPECIALTY | § | |
| UNDERWRITERS, INC. | § | |
| *Defendant.* | § | HARRIS COUNTY, TEXAS |

## MARKEL SERVICE INCORPORATED'S,
## ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Evanston Insurance Company, as successor by merger with Markel Service Incorporated ("Markel"), ("Defendant"), files this Answer to Plaintiff's Original Petition, and respectfully shows as follows:

### GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Texas Specialty generally denies the allegations made by Plaintiffs in their Original Petition and respectfully requests that Plaintiffs prove their charges and allegations by a preponderance of the evidence as required by the Constitution and laws of the State of Texas.

### PRAYER

For the foregoing reasons, Defendant Markel Service Incorporated asks that Plaintiffs take nothing by their claims, that all costs be assessed against Plaintiffs, and that Defendant be granted such other relief to which it is entitled.

**EXHIBIT 2**

Respectfully submitted,

*/s/ Jamie R. Carsey*
Jamie R. Carsey
State Bar No. 24045620
jcarsey@thompsoncoe.com
Marilyn S. Cayce
State Bar No.  17705500
mcayce@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of foregoing instrument has been served on the following counsel of record via electronic notification, certified mail, return receipt requested and/or by fax on August 17, 2016:

Eric B. Dick
Dick Law Firm, PLLC
3701 Brookwoods Drive
Houston, Texas   77092

*Counsel for Plaintiffs*

**EXHIBIT 2**