**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LE VAN NGUYEN AND** | | |
| **NGOCDUNG THY BUI,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | |
| | § | **Civil Action No. 4:16-cv-02565** |
| **ESSEX INSURANCE COMPANY,** | § | |
| **MARKEL SERVICE INCORPORATED,** | § | |
| **AND TEXAS SPECIALTY** | § | |
| **UNDERWRITERS, INC.,** | § | |
| | § | |
| **Defendants** | § | |

## PLAINTIFFS' MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs, Le Van Nguyen and Ngocdung Thy Bui (hereafter "Nguyen and Bui" or "Plaintiffs"), move this Court to remand this action to the state court from which it was removed, the County Court at Law No. 1 of Harris County, Texas under cause number 1078694 and would show this honorable Court as follows:

### Introduction

1. Plaintiffs Le Van Nguyen and Ngocdung Thy Bui (hereafter "Nguyen and Bui" or "Plaintiffs") filed this case in the County Court at Law No. 1 of Harris County, Texas under cause number 1078694 against Defendants, Essex Insurance Company (aka Evanston, hereafter "Essex"), Markel Service, Incorporated ("Markel"), and Texas Specialty Underwriters, Inc. ("Texas Specialty") on June 8, 2016. Essex and Markel are not Texas citizens for this jurisdictional inquiry. Texas Specialty, like Plaintiffs, is a citizen of Texas and complete

diversity does not exist in this case. To avoid the rule of complete diversity, Defendant Essex has alleged in its removal that the citizenship of Texas Specialty should be ignored and the Court should only look to the citizenship of Plaintiffs, Essex, and Markel. Since Texas Specialty is a proper party to this case and has not been improperly joined, diversity jurisdiction does not exist in this case. This case should therefore be remanded to the state court where it was originally filed.

2.   Essex misconstrues the law in its removal of this case. Essex incorrectly applies the holding of *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999). Essex also ignores the controlling authority of *Liberty Mutual Insurance Company v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex.1998) and *State Farm Fire & Casualty Co. v. Gros*, 818 S.W.2d 908 (Tex. App. -Austin 1991, no writ), wherein the Texas Supreme Court and the Austin appellate court established that agents, such as Texas Specialty, can be held individually liable for their actions. Nguyen and Bui clearly stated multiple causes of action against Texas Specialty and this case should be summarily remanded.

## Applicable Standards of Review

3.   Motions for remand are governed by 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Property & Casualty Insurance Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Furthermore, "any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident. & Indemnity Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). The federal removal statute, 28 U.S.C. § 1441(a), permits a defendant to remove any civil action

to federal court that falls within the original jurisdiction of the district courts. One such grant of authority is found in 28 U.S.C. § 1332. That statute provides the district courts with original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). However, removal is only proper in such cases if there is complete diversity of citizenship among the parties at the time the complaint is filed and at the time of removal. *Mas v. Perry*, 489 F.2d 1396, 1398–99 (5th Cir. 1974). Moreover, none of the parties properly joined and served as defendants may be citizens of the state in which the action is brought. *See* 28 U.S.C. § 1441(b); *Gasch*, 491 F.3d at 281. The burden to establish improper joinder is on the removing party, and it is a heavy one. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005)). The removing party must establish either "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illnois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc).

4.  In this case, Defendants do not assert that Nguyen and Bui engaged in fraud. Thus, in order to establish improper joinder, Defendants must demonstrate that there is no possibility of recovery by Nguyen and Bui against Texas Specialty. *Smallwood*, 385 F.3d at 573.

5.  To determine whether the plaintiffs are unable to establish a cause of action against a non-diverse defendant, the court should "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood* at 573. In this case, since Plaintiffs have not withheld facts relevant to the propriety of joinder, this Court should not "pierce the pleadings" and conduct a Rule 56 type analysis, but look at only the face of the state court complaint. *Linron*

*Properties v. Wausau Underwriters Ins. Co.*, No. 3:15-CV-00293-B, 2015 WL 3755071 (N.D. Tex. June 16, 2015)(Boyle, J.).

6.   If the complaint survives the analysis, there is generally no improper joinder. *Id.* The Fifth Circuit's use of the phrase "Rule 12(b)(6)-type analysis" does not indicate that this inquiry requires application of the federal motion to dismiss standard detailed in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In fact, the majority of courts have held that a federal court should *not* look to the federal standard for pleading to determine whether the state-court petition provides a reasonable basis for predicting that the plaintiff could recover against the in-state defendant at least when the state pleading standard is more lenient. *Edwea, Inc. v. Allstate Insurance* Company, Civil Action No. H-10-2970, 2010 WL 5099607, at *5* (S.D. Tex. Dec. 8, 2010) (citing, *e.g.*, *Warren v. State Farm Mutual Automobile Insurance Company*, Civil Action No. 3:08-CV-0768-0, 2008 WL 4133377, at *4 (N.D. Tex. Aug. 29, 2008) (Fitzwater, C.J.) ("Because state court plaintiffs should not be required to anticipate removal to federal court, the court assesses the sufficiency of the factual allegations of [the Plaintiff's] complaint under Texas' notice-pleading standard.")). In *Akerblom v. Ezra Holdings Limited*, 509 Fed. Appx. 340, 344-345 (5th Cir. 2013), the Fifth Circuit endorsed the *Edwea* approach by applying Texas' notice pleading requirements when conducting an improper joinder analysis. *Id*. at 344-345.

7.   Applying the state pleading standard in these circumstances is the more logical choice because the purpose of a fraudulent joinder analysis is to determine whether a state court might permit a plaintiff to proceed with his claims. *DNJ Logistic Group, Inc. v. DHL Express (USA) Inc.*, 727 F. Supp. 2d 160, 165 (E.D. N.Y. 2010) (quoting *Kuperstein v. Hoffman-LaRoche, Inc.*, 457 F. Supp. 2d 467, 471-72 (S.D. N.Y. 2006)). Furthermore, "the decision as to the sufficiency

of the pleadings is for the state courts, and for a federal court to interpose its judgment would fall short of the scrupulous respect for the institutional equilibrium between the federal and state judiciaries that our federal system demands." *Henderson v. Washington National Insurance Company,* 454 F.3d 1278, 1284 (11th Cir. 2006). Thus, Texas' fair notice pleading standard applies.[1]

8.  As previously indicated, Defendant Essex has the burden of proving that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.), *cert. denied,* 516 U.S. 865 (1995); *see also DaimlerChrysler Corp. v. Cuno* , 547 U.S. 332, 342 n.3, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006) (the party asserting federal jurisdiction when it is challenged has the burden of establishing it); *Peoples Nat. Bank v. Office of Comptroller of Currency of U.S.* , 362 F.3d 333, 336 (5th Cir. 2004) (citing *Pettinelli v. Danzig,* 644 F.2d 1160, 1162 (5th Cir.1981)). In this case, it is undisputed that Plaintiffs and Texas Specialty are Texas residents. Thus, the burden is upon Essex to prove that Texas Specialty was improperly joined to establish diversity jurisdiction. This burden is a "heavy" one. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 751 (5th Cir. 1996). In addition, Essex must satisfy this heavy burden through clear and convincing evidence. *B., Inc.*, 663 F.2d at 549.

---

[1] Rule 45(b) of the Texas Rules of Civil Procedure requires that pleadings "consist of a statement in plain and concise language of the Plaintiff's cause of action." If an allegation is evidentiary or conclusory, it is not "grounds for objection when fair notice to the opponent is given by the allegations as a whole." Rule 47(a) of the Texas Rules of Civil Procedure also provides that an original pleading setting forth the claim for relief shall contain "a short statement of the cause of action sufficient to give fair notice of the claim involved." In determining whether a particular cause of action is stated, a Plaintiff's pleadings must be clear enough for the court to ascertain, with reasonable certainty, the elements of plaintiff's cause of action and the relief sought. *Stoner v. Thompson*, 578 S.W.2d 679, 683 (Tex. 1979). In addition, under Texas law, as under the federal standard for determining improper joinder, a Plaintiff's pleadings must be construed as favorably as possible to the pleader. The court will look to the pleader's intent and a pleading will be upheld even if some element of a cause of action has not been specifically alleged. *Exxon Corporation v. Allsup*, 808 S.S.2d 648, 658 (Tex. App. - Corpus Christi 1991, writ denied). The test is whether an opposing attorney of reasonable competence could ascertain from the pleadings "the nature and basic issues of the controversy and the testimony probably relevant." *Argonaut Insurance Co. v. Allstate Insurance Co.*, 869 S.W.2d 537, 542-43 (Tex. App. - Corpus Christi 1993, writ denied).

9.  To meet this burden, Essex "must show either that there is no possibility that Plaintiffs would be able to establish a cause of action against the in-state defendant in state court or that there has been outright fraud in the Plaintiffs' pleading of jurisdictional facts." *Laughlin v. Prudential Insurance Co.*, 882 F.2d 187, 190 (5th Cir. 1989); *B, Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir. 1981). If there is any "possibility" whatsoever that Plaintiffs' claims against Texas Specialty are valid, then their joinder is proper and the case must be remanded. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992); *B., Inc.*, 663 F.2d at 550. The motion to remand must be granted unless "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court." *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir. 1999).

10.  In determining whether remand is appropriate, this Court must evaluate all the factual allegations in the light most favorable to Plaintiffs and must resolve all contested issues of fact in favor of Plaintiffs. *Nelson v. St. Paul Fire & Marine Insurance Co.*, 897 F. Supp. 328 (S.D. Tex. 1995); *Bobby Jones Garden Apartments v. F. R. Suleski*, 391 F.2d 172 (5th Cir. 1968). In addition, any uncertainties in the controlling substantive law must be resolved in favor of Plaintiffs. *Id.* Any ambiguities and doubts should be construed against removal because the removal statute should be strictly construed in favor of remand. *Manguno v. Prudential Property & Casualty Insurance Co.,* 276 F.3d 720, 723 (5th Cir. 2002).

11.  A court must strictly construe the removal statutes in favor of remand and against removal. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996); *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir. 1996); *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). If the Plaintiffs' pleading reveals a reasonable basis of recovery on just one cause of action, the

court must remand the entire suit to state court.  *See Grey v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

### Plaintiffs' Motion to Remand

12. Because Texas law recognizes claims against agents like Texas Specialty, the relevant inquiry is whether Plaintiffs properly stated claims against Texas Specialty. In making this determination, the question before the court is whether "there is no reasonable basis for the district court to predict that the plaintiffs might be able to recover against Texas Specialty, the non-diverse, in-state defendant, for breach of contract, breach of its duty of good faith and fair dealing, or violations of the Texas Insurance Code or the Texas Deceptive Trade Practices Act ("DTPA"). *See Smallwood*, 385 F.3d at 573. The court need not decide whether Plaintiffs have sufficiently pleaded each cause of action; rather, if the court finds a reasonable basis for Plaintiffs to potentially recover on any of these causes of action, the court must remand the entire case. See *Smith-Manning v. State Farm Lloyds*, No. 3:13-CV-3056-M, 2013 WL 5637539, at *2 (N.D. Tex. Oct. 14, 2013) (Lynn, J.) (quoting *Gray v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004)) ("[The] holistic approach to removal mandates that the existence of even a single valid cause of action against in-state defendants, despite the pleading of several unavailing claims, requires remand of the entire case to state court.").

13.  The claims in Plaintiffs' lawsuit against the Texas agent Texas Specialty are specific enough to put Texas Specialty on fair notice. In the original petition, Plaintiffs specifically allege facts supporting claims that Defendant Texas Specialty took part in breach of contract, breach of its duty of good faith and fair dealing, violations of the Texas Insurance Code, and violations of the DTPA.

14.   In its removal, Essex erroneously contends that Plaintiffs have alleged no cause of action against Texas Specialty as a matter of law. In making its arguments, Essex has ignored controlling authority. In *Liberty Mutual Insurance Company v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex.1998), the Texas Supreme Court ruled that agents can be held liable for any of their violations of Article 21.21 (now Chapter 541) of the Texas Insurance Code. Texas Specialty falls within the definition of "person" under Section 541.002(2) of the Texas Insurance Code and is individually liable for violations of Chapter 541. *Vargas v. State Farm Lloyds*, 216 F. Supp. 2d 643, 647-48 (S.D. Tex. 2002); *Liberty Mutual Insurance Company v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex.1998). In *Garrison Contractors*, the Texas Supreme Court held that an employee of an insurance company engaged in the business of insurance was subject to liability under the Texas Insurance Code. *Id* at 484-86. Such a person would include one who had insurance expertise and responsibility for the servicing of insurance policies and who was personally involved in the transaction that formed the basis of the insured's complaint. An agent servicing the policy for an insurer and the conduct of Texas Specialty as alleged in Plaintiffs' Original Petition unquestionably fits this description.

15.   In addition to the prevailing case law opinions which support the Plaintiffs' position, the Texas Insurance Code clearly makes agents such as Texas Specialty liable for their acts for or on behalf of an insurer:

> *A person who takes an action listed in Section 4001.051 for or on behalf of an insurer before the insurer complies with the requirements of the laws of this state is personally liable to the holder of any insurance policy with respect to which the action was taken for any loss covered by the insurance policy.* Tex. Ins. Code § 4001.053

Thus the Defendant agent is jointly liable as alleged in the original petition.

16.     In its notice of removal, Essex incorrectly relies on the 1999 decision in *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999) to support its proposition that agents cannot be held liable for breach of contract and breach of its duty of good faith and fair dealing. Essex mistakes the holding in *Griggs*. The *Griggs* opinion is clearly based on the exact facts of that case, and the opinion clearly states that the holding is not a universal rule. The facts in the instant case are distinguishable from *Griggs*. Nguyen and Bui have clearly articulated facts and causes of action against Texas Specialty for which they have a reasonable basis to litigate recovery.

17. In addition, the Texas Insurance Code at Section 541.002(2) specifically lists agents under its definition of "persons." This includes agents such as Texas Specialty. The Texas Supreme Court in *Garrison Contractors* noted that the legislative history clearly indicated that Article 21.21 (re-codified as Chapter 541 of the Texas Insurance Code) was not designed to apply only to insurance companies. *Id* at 485. Subsequently, the Texas Supreme Court in *Crown Life Insurance Company v. Casteel*, 22 S.W.3d 378, 384 (Tex. 2000), confirmed these holdings, stating:

> Moreover, we have acknowledged the Code's modification of the common-law agency principal by holding that an agent may be personally liable under Article 21.21 for deceptive acts, notwithstanding the fact that he acted within the scope of his employment. *See Garrison*, 966 S.W.2d at 485. This departure from the common law serves the Legislature's purpose of comprehensively regulating and prohibiting deceptive insurance practices.

18. In addition to ignoring *Garrison* and *Casteel*, Essex has also ignored the controlling authority of *Vail v. Texas Farm Bureau Mutual Insurance Company*, 754 S.W.2d 129 (Tex. 1988). The Texas Supreme Court in *Vail* held that contract damages support violations of the Texas Insurance Code which can also be a basis for extra contractual damages. In this respect, the Court in *Vail* stated: "It would be incongruous to bar an insured — who has paid premiums

and is entitled to protection under the policy — from recovering damages when the insurer wrongfully refuses to pay a valid claim. Such a result would be in contravention of the remedial purposes of the DTPA and the Insurance Code…" *Id*. at 136. Vail has not been overruled and "Vail remains the law." *Allstate Insurance Company v. Watson*, 876 S.W.2d 145, 149 (Tex. 1994) (on rehearing).

19. Under the *Erie* doctrine, state law as pronounced by the Texas Supreme Court should control this matter. In this respect, a federal court must resolve all contested fact issues and any ambiguities of state law in favor of the plaintiffs and remand. *Gasch v. Hartford Accident & Indemnity Company*, 491 F.3d 278, 281 (5th Cir. 2007) (citing *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005)). In *Gasch*, the Fifth Circuit explained that since the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns; therefore, the removal statute must be strictly construed and any doubt about the propriety of removal must be resolved in favor of remand. *Id* at 281-282.

20.  Plaintiffs' pleadings, in their entirety, clearly provide fair notice to Defendant Texas Specialty of its breach of contract, breach of its common law duty of good faith and fair dealing, and its violations of the Texas Insurance Code and DTPA. In this respect, Essex has failed to meets its heavy burden of showing that there is no possibility of recovery by the Plaintiffs against the in-state Defendant Texas Specialty. The Texas Supreme Court in *Garrison Contractors*, *Casteel*, *Vail*, and *Watson* has already established that reasonable basis exists for Plaintiffs' allegations in this case. Due to this reasonable basis and since Plaintiffs' pleadings are plausible and clear concerning its causes of action against Texas Specialty, this court should remand this case.

*Nguyen v. Essex et al*  Remand

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that this Court grant Plaintiffs' motion to remand, remand this case to the County Court at Law No. 1 of Harris County, Texas and award Plaintiff such other relief as may be proper.

Respectfully Submitted,

**DICK LAW FIRM, PLLC**

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
DICK LAW FIRM, PLLC
3701 Brookwoods Dr
Houston, Texas 77092
(832) 207-2007 Office
(713) 498-7969 Cellular
(713) 893-6931 Facsimile
www.dicklawfirm.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 20, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/EFC system which will send a notice of electronic filing to the parties of record.

**DICK LAW FIRM, PLLC**

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
DICK LAW FIRM, PLLC

*Nguyen v. Essex et al*  Remand

3701 Brookwoods
Houston, Texas 77092
(832) 207-2007 Office
(713) 893-6931 Facsimile
www.dicklawfirm.com