IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LE VAN NGUYEN AND §<br>NGOCDUNG THY BUI, §<br>   §<br>   *Plaintiffs*, §<br>   §<br>v. §<br>   § CAUSE NO. 4:16-cv-2565<br>ESSEX INSURANCE COMPANY, §<br>MARKEL SERVICE INCORPORATED, §<br>AND TEXAS SPECIALTY §<br>UNDERWRITERS, INC., §<br>   §<br>   *Defendants*. § | |

## MOTION TO STRIKE, OR ALTERNATIVELY, MOTION FOR SANCTIONS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Evanston Insurance Company[1] ("Evanston") requests that this Court strike and dismiss Plaintiffs Le Van Nguyen's and Ngocdung Thy Bui's causes of action because of a history of continued delays and failure to prosecute this case. Plaintiffs moved for appraisal under the terms of the Evanston insurance policy at issue almost one year ago but have failed to comply with the appraisal process, even in the face of this Court's scheduling order. This is not the first instance of delay in this case and lesser remedies will not move the case forward. Accordingly, Evanston requests that this Court either dismiss Plaintiffs' claims or that it award appropriate sanctions.

---

[1] Evanston Insurance Company is the successor by merger to Essex Insurance Company. As a result of the merger, Evanston has assumed all risks and liabilities of Essex Insurance Company, including any and all liability under the policy issued to Plaintiffs.

## I. BACKGROUND

This is a commercial property insurance case that has been pending for over one year [Doc. 1]. As set out below, however, Plaintiffs have taken practically no action to advance the suit:

- Plaintiffs filed their Original Petition on June 8, 2016. [Doc. 1-2].

- In January 2017, Plaintiffs moved, without opposition, to compel appraisal, which the Court granted. [Docs. 11, 13, and 15].

- The Parties quickly designated their appraisers, but over the next six months Plaintiffs failed to take any further action to complete the appraisal process or to provide an estimate of repairs, despite having conducted an inspection with Evanston's appraiser.

- On July 31, 2017, Evanston filed a Motion to Set Appraisal Schedule [Doc. 18] to encourage the prompt resolution of this matter, which the Court granted on August 8, 2017. [Doc. 20].[2]

- Pursuant to the Court's Order, Evanston's appraiser timely provided his estimate and agreed to an umpire, but to date Plaintiffs' appraiser has not produced a report, conferred with, or had any further contact with Evanston's appraiser. Exhibit A.

Plaintiffs have also failed to offer any explanation for the lack of contact from their appraiser, although that appraiser is apparently working and responding to communications on other claims. Thus, Court intervention is necessary so that this case can finally be resolved.

## II. ANALYSIS

Plaintiffs' failure to move their claim forward and to comply with the Court's Scheduling Order justifies relief through either dismissal or sanctions. Rule 41 of the Federal Rules of Civil Procedure states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue,

---

[2] On August 9, 2017, both appraisers agreed to use John Sherman as an appraisal umpire. Exhibit B.

      or failure to join a party under Rule 19, - operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).  Although dismissal may be an extreme sanction, it is warranted where:  1) there is a clear record of delay or recalcitrant conduct by the plaintiff, and (2) lesser sanctions would not serve the best interests of justice.  *See Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014) (internal citations and quotation omitted).   In making that determination, the Court may consider other aggravating factors, such as whether the plaintiff was personally responsible for the delay, whether the defendant was actually prejudiced, and whether the delay was the result of intentional conduct.  *Heller v. ACE European Group Ltd.*, No. 7:12-CV-422, 2014 WL 12599401, at *1 (S.D. Tex. Aug. 8, 2014).  Failure to proceed with requested appraisal under an insurance policy has formed the basis for a dismissal order.  *Id.*

     In this case, Plaintiffs reported their claim 10-months after the alleged date of loss.  Since filing suit, they have taken almost no action on their claim. In light of Plaintiffs' inaction, Evanston requests that the Court dismiss Plaintiffs' claims due to Plaintiffs' failure to prosecute this suit and participate in the appraisal process it requested.  Alternatively, Evanston requests an award of its costs for participating in appraisal, including the cost of retaining its appraiser, as a sanction for Plaintiffs' conduct, as well as, at the very least, the costs of filing this Motion.

### III.   CONCLUSION

     A party cannot avoid the obligations of a course of action it deliberately chose to resolve its claims.  In this case, Plaintiffs invoked the appraisal provision but have not pursued their claims, despite Court intervention to speed this matter to conclusion.  As a result, Evanston requests that Plaintiffs claims be dismissed or that appropriate sanctions be entered.

                            Respectfully submitted,

                            THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: */s/ Cyrus W. Haralson*
  Cyrus. W. Haralson, Attorney-in-Charge
  Texas State Bar No. 17705500
  Southern District I.D. No. 9986
  *E-Mail: charalson@thompsoncoe.com*
  Christopher H. Avery
  Texas State Bar No. 24069321
  Southern District I.D. No. 1048591
  *Email: cavery@thompsoncoe.com*
  One Riverway, Suite 1400
  Houston, Texas  77056-1988
  (713) 403-8210  Telephone
  (713) 403-8299  Facsimile

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2017, a true and correct copy of foregoing instrument was served on all counsel of record by the Court's ECF system.

*/s/ Cyrus W. Haralson*
CYRUS W. HARALSON

## CERTIFICATE OF CONFERENCE

I hereby certify that on November 29, 2017, counsel for both parties conferred regarding the basis of this Motion and that Plaintiffs oppose the relief it seeks.

*/s/ Christopher H. Avery*
CHRISTOPHER H. AVERY